WARRENSBURG BOARD & PAPER CORP., PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2961–79.     Filed November 16, 1981.

*Seymour J. Harris*, for the petitioner.
*Jack Scher*, for the respondent.

## OPINION

NIMS, *Judge*: For the taxable year ending June 30, 1975, respondent determined a deficiency of $37,871 in petitioner's income tax and an addition to tax under section 6653(a)[1] in the

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended. Similarly, unless otherwise indicated, any reference to a Rule is to the Tax Court Rules of Practice and Procedure.

amount of $1,894. The issues for decision are: (1) Whether petitioner is subject to the tax imposed by section 1378 as a result of a capital gain it realized from an involuntary conversion; and (2) whether petitioner is liable for the addition to tax under section 6653(a).

The facts in this case were fully stipulated. The stipulation and the exhibits attached thereto are incorporated herein by reference.

Petitioner is a New York corporation with its principal place of business at the time of the filing of its petition herein located at Warrensburg, N.Y. During the entire taxable year in issue, petitioner was engaged in the business of operating a papermill in Warrensburg.

Petitioner was originally incorporated on December 1, 1961. On June 27, 1974, it filed a valid election pursuant to the provisions of section 1372(a) changing its tax status so that it would be taxed in accordance with the provisions of subchapter S of the Internal Revenue Code of 1954.

On July 14, 1974, a parcel of improved real property owned by petitioner was partially destroyed by fire. On January 27, 1975, petitioner received $216,225 from its casualty insurer as compensation for the loss to the property. As a result of this compensation, petitioner realized a net long-term capital gain of $151,235, which income was reflected as such on petitioner's corporate income tax return for its taxable year ending June 30, 1975.

On its corporate income tax return, petitioner reported no income tax on capital gains for the taxable year ending June 30, 1975. On that same return, petitioner specifically reported and represented that it had been a subchapter S corporation for at least 3 years immediately preceding the taxable year in issue.

During the taxable year in issue, the total taxable income attributable to petitioner, as determined in the statutory notice of deficiency, was $96,556. The net capital gain of $151,235 attributable to the petitioner exceeded 50 percent of its total taxable income.

The first issue for decision involves the applicability of section 1378 to the above-mentioned capital gain. That section,

reproduced in the margin in the form applicable to the year in issue,[2] generally provides that a tax will be imposed on a subchapter S corporation if its net capital gain and taxable income exceeds $25,000 and if the net capital gain exceed 50 percent of its taxable income for such year. The two exceptions to the general rule of section 1378(a) are contained in section 1378(c), which is reproduced in note 2.

---

[2]SEC. 1378. TAX IMPOSED ON CERTAIN CAPITAL GAINS.

(a) GENERAL RULE.—If for a taxable year of an electing small business corporation—

(1) the excess of the net long-term capital gain over the net short-term capital loss of such corporation exceeds $25,000, and exceeds 50 percent of its taxable income for such year, and

(2) the taxable income of such corporation for such year exceeds $25,000, there is hereby imposed a tax (computed under subsection (b)) on the income of such corporation.

(b) AMOUNT OF TAX.—The tax imposed by subsection (a) shall be the lower of—

(1) an amount equal to the tax, determined as provided in section 1201(a), on the amount by which the excess of the net long-term capital gain over the net short-term capital loss of the corporation for the taxable year exceeds $25,000, or

(2) an amount equal to the tax which would be imposed by section 11 on the taxable income (computed as provided in section 1373(d)) of the corporation for the taxable year if the corporation was not an electing small business corporation.

No credit shall be allowable under part IV of subchapter A of this chapter (other than under section 39) against the tax imposed by subsection (a). In applying section 1201(a)(1)(A) and (B) for purposes of paragraph (1), the $25,000 limitation shall first be deducted from the amount (determined without regard to this subsection) subject to tax in accordance with section 1201(a)(1)(B), to the extent thereof, and then from the amount (determined without regard to this subsection) subject to tax in accordance with section 1201(a)(1)(A).

(c) EXCEPTIONS.—

(1) IN GENERAL.—Subsection (a) shall not apply to an electing small business corporation for any taxable year if the election under section 1372(a) which is in effect with respect to such corporation for such taxable year has been in effect for the 3 immediately preceding taxable years.

(2) NEW CORPORATIONS.—Subsection (a) shall not apply to an electing small business corporation if—

(A) it has been in existence for less than 4 taxable years, and

(B) an election under section 1372(a) has been in effect with respect to such corporation for each of its taxable years.

(3) PROPERTY WITH SUBSTITUTED BASIS.—If—

(A) but for paragraph (1) or (2), subsection (a) would apply for the taxable year,

(B) any long-term capital gain is attributable to property acquired by the electing small business corporation during the period beginning 3 years before the first day of the taxable year and ending on the last day of the taxable year, and

(C) the basis of such property is determined in whole or in part by reference to the basis of any property in the hands of another corporation which was not an electing small business corporation throughout all of the period described in subparagraph (B) before the transfer by such other corporation and during which such other corporation was in existence,

then subsection (a) shall apply for the taxable year, but the amount of the tax determined under subsection (b) shall not exceed a tax, determined as provided in section 1201(a), on the excess of the net long-term capital gain over the net short-term capital loss attributable to property acquired as provided in subparagraph (B) and having a basis described in subparagraph (C).

Petitioner argues that the abuse situation which section 1378 was intended to combat is not present in this case, namely, "one shot" subchapter S elections by corporations to avoid taxation at the corporate level of a realized capital gain. Petitioner quotes the following from a Senate report in support of its contention:

It has come to your committee's attention that the "passthrough" election has on occasion been used by corporations as a device for the avoidance of capital gains tax: A corporation in such a case arranges to have a large amount of capital gains realized in 1 year, elects the "passthrough" treatment for that year, distributes these realized capital gains, and then deliberately causes its "passthrough" status to be terminated. This avoids a capital gains tax at the corporate level and substitutes capital gains tax for an ordinary (dividend) income tax at the shareholder level. * * *

Such use of the "passthrough" treatment is contrary to the intent of Congress when it enacted this provision. It was basically intended for an operating business which for business reasons desired the corporate structure yet preferred tax treatment similar to that accorded a partnership. It was intended for an organization desiring this tax treatment at least for a number of years and certainly not for a single year as a device to avoid capital gains tax to the corporation.

       *       *       *       *       *       *       *

Since this provision is intended to apply only in those situations where the "passthrough" treatment was elected to avoid taxes on capital gains, the tax is not to be applied in the case of corporations which have been under a "passthrough" election for at least the 3 immediately prior years. Alternatively the tax will not apply in the case of new corporations which have been in existence for less than the 3 prior years but have made the "passthrough" election for the entire period of their existence. [S. Rept. 1007, 89th Cong., 2d Sess. (1966), 1966–1 C.B. 527, 531. Fn. ref. omitted; emphasis supplied.]

In response, respondent states that the language of the statute is clear: the tax is to be imposed (assuming the two conditions described in section 1378(a) are present) unless the electing corporation falls within one of the two exceptions contained in section 1378(c). Respondent maintains that where the statute is clear and unambiguous on its face there is no need to resort to the relevant legislative history since the duty of statutory construction and interpretation does not arise.

Although we sympathize with the petitioner, we must concur with respondent's analysis. It is true that the instant provision was enacted in order to prevent manipulative subchapter S elections and that the involuntary nature of this forced "sale" virtually negates any suggestion that the elec-

tion was manipulative.[3] Nevertheless, we can find no ambiguity in or need for interpreting the statute before us. Petitioner's situation falls squarely within section 1378(a) and neither of the section 1378(c) exceptions has been met. Nowhere does the statute authorize us to take into consideration the nature of the events giving rise to the capital gain, as petitioner would have us do. No mention is made in section 1378 of an exception for a capital gain resulting from an involuntary conversion and taxed under section 1231. Keeping in mind the following words of the Supreme Court, we are unwilling to add the judicial gloss on the application of section 1378 which petitioner requests:

> The contention is that the words must be confined to the particular line of commerce in which the discriminator is engaged, and that they do not include a different line of commerce in which purchasers from the discriminator are engaged in competition with one another. In support of this contention, we are asked to consider reports of Congressional committees and other familiar aids to statutory construction. But the general rule that "the province of construction lies wholly within the domain of ambiguity" * * * , is too firmly established by the numerous decisions of this Court either to require or permit us to do so. The words being clear, they are decisive. There is nothing to construe. To search elsewhere for a meaning either beyond or short of that which they disclose is to invite the danger, in the one case, of converting what was meant to be open and precise, into a concealed trap for the unsuspecting, or, in the other, of relieving from the grasp of the statute some whom the legislature definitely meant to include. [*George Van Camp & Sons Co. v. American Can Co.*, 278 U.S. 245, 253 (1929).]

In its brief, petitioner makes a convoluted argument to the effect that section 1201(a), referred to in section 1378(b), in turn refers to section 1201(d), and section 1201(d) does not deal with gains from involuntary conversions. Since section 1201(d) deals only with gains on certain installment sales contracts, and is therefore not even remotely related to the issue before us, we find this argument by petitioner to be totally ineffective.

For the foregoing reasons, we hold that petitioner is subject to the tax imposed by section 1378.

The next issue for decision is whether petitioner is liable for the addition to tax imposed by section 6653(a), which provides as follows:

---

[3] As petitioner wryly observes in its brief, "It would be a tax conscious arsonist who would file the sub-S election before applying the torch!"

(a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES.—If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B (relating to income taxes and gift taxes), or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

Petitioner bears the burden of proving that respondent's determination of liability for this addition is erroneous. *Bunnel v. Commissioner*, 50 T.C. 837 (1968). In the instant case, none of the facts to which the parties have stipulated suggest that respondent's determination as to this addition was in error. Further, no arguments have been advanced by petitioner on brief with respect to this issue.

Notwithstanding the clear provisions of section 1378, we might not be disposed to sustain respondent's determination under section 6653(a) because one could, we suppose, in good faith argue that the tax under section 1378 is not to be imposed in the case of an involuntary conversion. However, in this case, petitioner did not make full disclosure of all of the relevant facts and circumstances surrounding the transaction, and did, in fact, affirmatively misrepresent on its return the period during which its subchapter S election had been in effect prior to the taxable year in question. On its return for the taxable year ending June 30, 1976, petitioner represented that it had been a subchapter S corporation for at least 3 years preceding the taxable year in issue. This misrepresentation not only casts doubt upon any good-faith belief by petitioner regarding the plausibility of its legal argument under section 1378, but it is also a failure by petitioner to fully apprise respondent of the true facts surrounding petitioner's subchapter S status as it pertained to the availability, or lack thereof, of the "passthrough" of the realized capital gain to petitioner's shareholders under subchapter S in general and section 1378 in particular. Cf. *Wesley Heat Treating Co. v. Commissioner*, 30 T.C. 10 (1958), affd. 267 F.2d 853 (7th Cir. 1959), and *Pullman, Inc. v. Commissioner*, 8 T.C. 292 (1947). Accordingly, we sustain respondent's determination under section 6653(a).

*Decision will be entered for the respondent.*