MARVIN S. AND JEAN CHUPACK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chupack v. Commissioner
Docket No. 43134-85
United States Tax Court
T.C. Memo 1989-548; 1989 Tax Ct. Memo LEXIS 546; 58 T.C.M. (CCH) 339; T.C.M. (RIA) 89548; October 10, 1989
*546 Held, R correctly determined that Ps are liable for additions to tax under I.R.C. sections 6653(a)(1) and (2). A. Christopher Zimmermann, for the petitioners. Andrew M. Winkler, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax - Sections
Year
Deficiency
6653(a)(1)
6653(a)(2)
6621(c)
6659
1980
$ 30,830
$ 1,542
--
--
--
1981
19,832
992
to be
to be
$ 5,950
determined
determined
(Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) After concessions, the issues for decision are whether petitioners are liable for additions to tax within the meaning of section 6653(a)(1) for the taxable year 1980 *548 and section 6653(a)(2) for the taxable years 1980 and 1981. FINDINGS OF FACT Petitioners resided in Tulsa, Oklahoma, at the time their petition was filed. Petitioners filed joint Federal income tax returns for the years in issue. Petitioner Marvin S. Chupack (petitioner), as of the time of trial, had been a certified public accountant (CPA) for more than 20 years and prepared "thousands of returns" over his professional career. In 1980, he attended a seminar conducted by a Mr. Holub (Holub), a CPA, who was selling partnership interests in "The Worthington Collection" partnership (Worthington). Worthington was organized by Jonathan T. Bromwell and Associates, Inc., to acquire and exploit mass market paperback books. In 1980 and 1981, he invested $ 14,000 and $ 11,000, respectively, in Worthington. From the Worthington investments, petitioners claimed an investment tax credit (ITC) of $ 22,375 for 1980, and loss deductions of $ 22,343 and $ 51,574 for 1980 and 1981, respectively (the Worthington items). Petitioner did not consider the at-risk provisions of section 465 before petitioners claimed the 1981 loss. Petitioner examined many "high-leveraged investments" in 1980, *549 and he considered himself to be "fairly knowledgeable" in making such evaluations. He was aware of the potential tax benefits arising out of an investment in Worthington. In the statutory notice, respondent disallowed the Worthington items. At trial, petitioners conceded, among other things, the deficiencies and additions to tax under sections 6621(c), formerly section 6621(d), and 6659 that arose from the Worthington items. OPINION Section 6653(a)(1) as in effect for the years in issue imposes an addition to tax equal to five percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) imposes an additional liability of 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) was added by section 722(b) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, and applies in this case only to the taxable year 1981. [1]
*550 Petitioners bear the burden of proving that respondent's determination that they were negligent or intentionally disregarded rules and regulations in claiming the Worthington items in 1980 and 1981 was erroneous. Warrensburg Board & Paper Corp. v. Commissioner, 77 T.C. 1107, 1112 (1981); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). "For the purposes of this section, 'negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Neely v. Commissioner, 85 T.C. 934, 947 (1985), citing Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 and T.C. Memo. 1964-299. Petitioners contend that petitioner relied upon Holub's advice in investing in Worthington, and therefore under United States v. Boyle, 469 U.S. 241 (1985), petitioners were not negligent in claiming the Worthington items. Petitioners' reliance upon Boyle is misplaced. United States v. Boyle,supra at 251-252, stands for the proposition that the duty to timely *551 file a tax return is nondelegable and not for the proposition that a taxpayer may rebut the imposition of additions to tax under section 6653(a) by indiscriminately relying on the advice of an accountant or attorney. Jackson v. Commissioner, 86 T.C. 492, 538-540 (1986), affd. 864 F.2d 1521 (10th Cir. 1989). In the instant case, petitioner's alleged reliance upon Holub is neither credible nor reasonable. Petitioner had had over 20 years of experience as a CPA at the time the returns were filed, prepared "thousands of returns" and was fully aware of the tax benefits generated by his "high-leveraged investments" in Worthington. Petitioners' claim that he invested in Worthington solely on the basis of Holub's advice is not persuasive. We further note that petitioner testified that he did not consider the at-risk provisions of section 465 before petitioners claimed the Worthington items in 1981. In light of petitioner's extensive experience, such failure was clearly negligent within the meaning of section 6653(a). Petitioners have failed to sustain their burden of proving that respondent's determination was erroneous. The limited amount of evidence *552 before us in fact indicates the contrary. We find that petitioners were negligent in claiming the Worthington items on their 1980 and 1981 returns. Finally, we note that petitioners assert on brief that they should not be liable for the section 6659 addition to tax. At trial, petitioners expressly conceded that this addition to tax was applicable. Therefore, we will not consider their arguments to the contrary on brief. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. As amended by section 722(b) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, sections 6653(a)(1) and (2) provided: Sec. 6653 [1954 Code]. (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- (1) IN GENERAL. -- If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A, by chapter 12 of subtitle B or by chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax).↩