CHARLES T. LAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Land v. Commissioner
Docket No. 14977-88
United States Tax Court
T.C. Memo 1990-111; 1990 Tax Ct. Memo LEXIS 111; 59 T.C.M. (CCH) 29; T.C.M. (RIA) 90111; March 6, 1990
*111 Held, P is liable for additions to tax under I.R.C. sections 6651(a)(1), 6653(a), 6653(a)(1), 6653(a)(2), 6654 and 6661(a). Charles T. Land, pro se. Margaret K. Hebert, for the respondent. NIMS
*139 MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes: Additions to Tax - Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
6654
1980
$ 5,975.00
$ 1,030.50
$ 298.75  *
--
$ 234.00
1981
6,889.00
1,722.25
344.45  *
--
529.08
1982
6,228.00
1,557.00
311.40  *
$ 1,557.00
606.61
1983
270.00
100.00
13.50  *
--
16.52
1984
959.00
211.50
47.95  *
--
51.40
*113 (Unless otherwise indicated, all section references are to sections of the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.) Respondent was granted leave to amend his answer at trial. The amended answer increased the addition to tax under section 6661 for 1982 by $ 166. The section 6661 addition to tax was increased because the 1982 deficiency had been increased by stipulation of the parties. *140 The issues remaining for decision are whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1), 6653(a), 6653(a)(1), 6653(a)(2), 6654 and 6661. FINDINGS OF FACT Petitioner resided in San Diego, California, at the time his petition was filed. Since 1973, petitioner has been a member of the Church of Scientology. During the taxable years 1981, 1982 and 1983, petitioner had no income tax withheld from his wage income because on his W-4 Forms he claimed from 14 to 17 dependents or that he was exempt from income taxation. Petitioner had the following amounts of income and Federal income tax withheld from his wages for the years in issue: Wage
Interest
Other
Tax
Year
Income
Income
Income
Withheld
1980
$ 25,580
--
$   696
$ 1,853 1981
28,252
--
390
--  1982
26,509
--
1,965
--  1983
5,517
$  7
5,168
--  1984
10,265
29
-- 113 *114 The statutory notices of deficiency in this case were mailed to petitioner on April 7, 1988. On April 14, 1988, petitioner filed Federal income tax returns for all of the years in issue. The parties have stipulated that petitioner is liable for deficiencies in income tax in the following amounts: Year
Deficiency
1980
$ 4,672
1981
6,946
1982
5,563
1983
None 1984
None OPINION Section 6651(a)(1)
The first issue for decision is whether petitioner is liable for additions to tax under section 6651(a)(1) due to his failure to timely file Federal income tax returns for the years in issue. [1] Petitioner bears the burden of proving that his failure to timely file was due to reasonable cause and not due to willful neglect. Rule 142(a); Service Bolt & Nut Co. Trust v. Commissioner, 78 T.C. 812, 819 (1982), affd. 724 F.2d 519 (6th Cir. 1983). *115 Petitioner contends that his failure to timely file was due to reasonable cause because under Garner v. United States, 424 U.S. 648 (1976), the filing of a tax return would constitute a waiver of his right to deduct his charitable contributions to the Church of Scientology. We do not agree. Garner does not stand for the proposition that a taxpayer waives his right to deduct charitable contributions by filing a tax return. Garner holds that a taxpayer's Fifth Amendment right to claim a privilege against compulsory self-incrimination is not violated where a taxpayer makes incriminating disclosures on a tax return. Garner does not relieve taxpayers of the duty to file tax returns. See Woods v. Commissioner, 91 T.C. 88, 90-92 (1988). Petitioner has not established that his failure to timely file tax returns was due to reasonable cause. Accordingly, respondent properly determined that additions to tax under section 6651(a)(1) are applicable for the taxable years 1980, 1981 and 1982. We note that for the taxable years 1983 and 1984 the parties have stipulated that there are no deficiencies. Therefore, the proper additions to tax under *116 section 6651(a)(1) are $ 100 for 1983 and 1984, respectively. Section 6653(a), 6653(a)(1) and 6653(a)(2)
Respondent determined that petitioner is liable for the negligence additions to tax under section 6653(a)(1) and 6653(a)(2) for 1980. Section 6653(a)(1) and 6653(a)(2) were introduced by section 722(b) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172. These sections became effective for taxes the last date *141 prescribed for payment of which was after December 31, 1981. Section 6653(a)(1) and 6653(a)(2) are not applicable to petitioner's taxable year 1980 because the last date prescribed for payment of petitioner's 1980 income taxes was before December 31, 1981. However, section 6653(a)(1) is a reenactment of section 6653(a) as it read prior to amendment by Pub. L. 97-34, and we apply section 6653(a) as such. Old section 6653(a) provided: (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- If any part of any underpayment (as defined in subsection (c)(1) of any tax imposed by subtitle A, by chapter 12 of subtitle B (relating to income taxes and gift taxes), or by *117 chapter 45 (relating to windfall profit tax) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. Respondent also determined that petitioner is liable for additions to tax under section 6653(a)(1) and 6653(a)(2) for the taxable years 1981, 1982, 1983 and 1984. [2]Section 6653(a)(1) imposes an addition to tax equal to five percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) imposes an additional liability of 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations. *118 Petitioner bears the burden of proving that respondent's determination that he was negligent or intentionally disregarded the rules and regulations for each of the years in issue was erroneous. Warrensburg Board & Paper Corp. v. Commissioner, 77 T.C. 1107, 1112 (1981); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). For the purposes of this section, "Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, 85 T.C. 934, 947 (1985), citing Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299. Petitioner contends that he was not negligent in failing to file returns or pay income tax because he was attempting to contact the Taxpayer Ombudsman of the Internal Revenue Service to obtain advice on how to report his charitable contributions. We do not agree with his contention. Petitioner's duty to file returns was not diminished by his failure to contact the Taxpayer Ombudsman. Petitioner testified that he *119 was aware of his duty to file income tax returns and pay income tax on his wage income. However, he did not file returns for the years in issue until after he received statutory notices of deficiency. Petitioner further testified that he claimed an inflated number of dependents so there would be no withholding from his wages. Petitioner was negligent in failing to timely file returns for each of the years in issue and pay income tax for the taxable years 1981, 1982 and 1983. See Emmons v. Commissioner, 92 T.C. 342 (1989). Accordingly, petitioner is liable for additions to tax under section 6653(a) for the taxable year 1980 and section 6653(a)(1) and 6653(a)(2) for the taxable years 1981 and 1982. We note that the parties have stipulated that there are no deficiencies for the taxable years 1983 and 1984. Thus, there can be no additions for those years under section 6653(a)(1) and 6653(a)(2). Section 6654
Respondent also determined that petitioner is liable for additions to tax under section 6654 for each of the years in issue because petitioner failed to make estimated Federal income tax payments. The section 6654 addition to tax is mandatory absent a showing *120 by petitioner that one of several statutorily provided exceptions applies. Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). Petitioner has *142 made no such showing. Therefore, petitioner is liable for additions to tax within the meaning of section 6654 for the taxable years 1980, 1981 and 1982. We note that the parties have stipulated that there are no deficiencies for 1983 and 1984. Petitioner, however, bears the burden of proving that the section 6654 additions to tax for failure to pay estimated tax are inapplicable. Rule 142(a). Petitioner has made no such showing. Accordingly, we must hold that petitioner is liable for the additions to tax under section 6654 for the taxable years 1983 and 1984. Section 6661
Respondent determined that petitioner is liable for the addition to tax under section 6661(a) at a rate of 25 percent of the underpayment for the taxable year 1982. See Pallottini v. Commissioner, 90 T.C. 498 (1988). Petitioner bears the burden of proving that the addition to tax under section 6661(a) determined in the statutory notice of deficiency is not applicable. Rule 142(a). Petitioner has failed *121 to offer any evidence on this issue. Accordingly, petitioner is liable for the addition to tax under section 6661(a) that was determined in the statutory notice of deficiency for the taxable year 1982. Respondent bears the burden of proving that the increased addition to tax under section 6661(a) which was raised in his amended answer is applicable. Rule 142(a). Respondent has established that there was a substantial understatement of income tax for 1982 as defined in section 6661(b). The addition to tax under section 6661(a) therefore applies to that portion of the deficiency which was increased by the parties' stipulation. Decision will be entered under Rule 155. Footnotes
*. 50 percent of the interest due on the respective deficiencies↩
1. As in effect for the years in issue, section 6651(a)(1) provided in part as follows: (a) Addition to the Tax. -- In case of failure -- (1) to file any return * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; Section 318(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, added the following language to section 6651(a) for returns the due date for filing of which was after December 31, 1982: In the case of a failure to file a return of tax imposed by chapter 1 within 60 days of the date prescribed for filing of such return (determined with regard to any extensions of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, the addition to tax under paragraph (1) shall not be less than the lesser of $ 100 or 100 percent of the amount required to be shown as tax on such return.↩
2. As amended by section 722(b) of the Economic Recovery Tax Act of of 1981, Pub. L. 97-34, 95 Stat. 172, section 6653(a)(1) and 6653(a)(2) provided: Sec. 6653 [1954 Code]. (a) NEGLIGENCE OR INTENTIONAL DISREGARD OF RULES AND REGULATIONS WITH RESPECT TO INCOME, GIFT, OR WINDFALL PROFIT TAXES. -- (1) IN GENERAL. -- If any part of any underpayment * * *is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. (2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and (B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax).↩