*An appropriate order and decision will be entered.*

ROBERT E. BIRTH AND LORRAINE J. BIRTH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 39281-87.          Filed April 5, 1989.

Robert E. Birth, pro se.
*Carol-Lynn E. Moran,* for the respondent.

OPINION

KÖRNER, *Judge:* In his notice of deficiency, respondent determined the following income tax deficiency and additions to tax:

| Year | Deficiency | Additions to tax | | |
| | | *Sec. 6653(a)(1)*[1] | *Sec. 6653(a)(2)* | *Sec. 6661*[2] |
| --- | --- | --- | --- | --- |
| 1984 | $77,157 | $3,858 | 50% of the interest due on $77,157 | $19,289 |

After substantial concessions by the parties, we are presented with the following issues for decision: (1) Whether petitioners are liable for additions to tax for negligence or

---

[1]All statutory references are to the Internal Revenue Code of 1954 as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

[2]Respondent has conceded that petitioners are not liable for the sec. 6661 addition to tax.

intentional disregard of rules and regulations, pursuant to section 6653(a); (2) whether we should award damages to the United States because petitioners unreasonably failed to pursue available administrative remedies, pursuant to section 6673; (3) whether we should award reasonable litigation costs to petitioners under section 7430.

Most of the facts have been stipulated and are so found. The stipulation of facts and exhibits are incorporated by this reference. For convenience, we will combine our findings of fact and opinion.

Robert E. Birth and Lorraine J. Birth (petitioners) resided in Millville, Pennsylvania, when they filed their petition herein. They filed a joint Federal income tax return for the year in question.

Respondent issued a statutory notice of deficiency for tax year 1984 to petitioners on September 21, 1987, in which he disallowed all of petitioners' deductions and expenses, totaling $183,359. The statutory notice was issued after petitioners refused to attend an audit and failed to substantiate deductions for expenses allegedly incurred in their pharmacy and Amway business activities. After rebuffing numerous requests by respondent, petitioners finally presented records to respondent on the day before trial, substantiating most of their claimed deductions. Respondent's concessions are fully developed in the stipulation of facts. In their petition to this Court, petitioners claim, among other things, that respondent is not authorized to issue statutory notices and that the Internal Revenue Code does not impose income tax liability upon individuals.

Section 6653(a)(1) provides an addition to tax of 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules and regulations. In addition, section 6653(a)(2) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would, under the circumstances. *Neely v. Commissioner*, 85 T.C. 934, 947 (1985). Petitioners have the burden of proof. *Bixby v. Commissioner*, 58 T.C. 757, 791-792 (1972).

Petitioners did not present any evidence concerning the underpayment of income taxes that remained after concessions. Therefore, we conclude that petitioners have not met their burden of proof. Accordingly, the entire remaining underpayment is attributable to negligence and the additions to tax under sections 6653(a)(1) and section 6653(a)(2) must be calculated accordingly.

Respondent moved that we award damages of $5,000 to the United States pursuant to section 6673 because petitioners unreasonably failed to pursue their available administrative remedies. In support of his motion, respondent alleges that petitioners completely failed to pursue any administrative remedy with respect to their potential tax liability. The following is a summary of the contacts between the parties in this dispute:

—November 5, 1985: Respondent sent a letter by certified mail requesting petitioners to attend an audit. Petitioners refused and failed to attend.

—May 7, 1987: Respondent mailed a 30-day letter to petitioners advising them to contact respondent within 30 days to request an appeals conference if they disagreed with respondent's findings.

—June 22, 1987: Respondent mailed a follow-up letter to the 30-day letter.

—July 2, 1987: Petitioner mailed a document to respondent entitled "Statutory Notice of Appeal Within Internal Revenue Service," in which petitioners claimed that the U.S. Code does not impose income tax liability on individuals.

—July 14, 1987: Respondent returned petitioners' protest letter because it was incorrectly filed.

—July 29, 1987: Petitioners sent another written protest letter to respondent, in which petitioners cited various excerpts from Title 26 of the U.S. Code concerning distilled spirits and concluded that they were not liable for any income tax deficiency. No appellate conference was ever held.

—September 21, 1987: Respondent mailed the statutory notice of deficiency to petitioners.

—December 21, 1987: Petitioners filed a petition in this Court.

—March 10, 1988: Respondent mailed a letter to petitioners scheduling an appeals hearing on April 19, 1988.

—March 21, 1988: Petitioners mailed a letter to respondent in which they stated that they had not requested an appeals hearing; petitioners stated that they would consider the necessity of an appeals hearing only after respondent mailed copies of all documents to petitioners that had been used in preparing the statutory notice of deficiency.

—April 14, 1988: Respondent mailed a letter to petitioners proposing to reschedule the appeals hearing for June 1, 1988, in Williamsport, Pennsylvania, which was more conveniently located for petitioners.

—July 7, 1988: Respondent mailed a letter to petitioners requesting that they attend an appeals conference so that both sides could obtain information informally in accordance with Rule 70(a)(1) and *Branerton Corp. v. Commissioner,* 61 T.C. 691 (1974).

—July 11, 1988: Petitioners objected to respondent's request for an informal discovery conference on the grounds that respondent's letter of July 7, 1988, was not accompanied by a certificate of service.

—July 19, 1988: Respondent mailed a Request for Production of Documents to petitioners.

—July 25, 1988: Respondent mailed another letter rescheduling an appeals hearing for August 3, 1988, again in Williamsport, Pennsylvania.

—July 29, 1988: Petitioners responded by again refusing to attend the appeals hearing, claiming that their time was better spent preparing for trial in this Court. In this letter, petitioners stated "we do not feel that the Service is willing to settle all of the issues involved, and we understand the requirements of going to the Tax Court."

—September 27, 1988: Respondent mailed a letter to petitioners requesting their presence at a conference on October 5, 1988, to discuss petitioners' substantiating documents and to prepare a stipulation of facts for trial.

—September 28, 1988: Respondent filed a motion to compel production of documents with this Court.

—October 4, 1988: Respondent called petitioners to confirm the conference set for October 5; petitioners indicated that they would not attend.

—October 5, 1988: Petitioner called respondent in order to say that they would be unable to attend any conference before October 11, 1988, the day on which this case was to be called and set for trial.

After this case was set for a trial on October 12, 1988, petitioners finally produced substantiation documents for respondent's review. On the basis of petitioners' substantiation, respondent conceded the majority of the deficiency he had originally determined with respect to petitioners. Besides respondent's claim for damages and additions to tax for negligence, the only other issue at trial was whether petitioners were entitled to deduct insurance premiums of $841 allegedly paid in their pharmacy business. Respondent later conceded this issue after receiving adequate substantiation from petitioners.

Section 6673[3] provides that this Court may award damages to the United States if it appears that (i) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (ii) the taxpayer's position in such proceedings is frivolous or groundless, or (iii) the taxpayer unreasonably failed to pursue available administrative remedies.

The third basis for awarding damages to the United States was added to section 6673 by sec. 1552(a) and (b), Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2753, and it applies to proceedings commenced in the Tax Court after October 22, 1986. The General Explanation of the Tax Reform Act of 1986 (Blue Book)[4] provides:

[3]SEC. 6673. DAMAGES ASSESSABLE FOR INSTITUTING PROCEEDINGS BEFORE THE TAX COURT PRIMARILY FOR DELAY, ETC.

Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax.

[4]Although the Blue Book "does not directly represent the views of the legislators or an explanation available to them when acting on the bill," *McDonald v. Commissioner*, 764 F.2d 322, 336-337 n. 25 (5th Cir. 1985), affg. a Memorandum Opinion of this Court), and is technically not considered part of the legislative history of the Tax Reform Act of 1986, we recognize that a Blue Book explanation was previously relied upon by the Supreme Court in its analysis of another tax statute. See *FPC v. Memphis Light, Gas, & Water Div.*, 411 U.S. 458, 471-472 (1973).

The Tax Court inventory has risen dramatically over the past 10 years. One factor contributing to this increase has been the practice of taxpayers petitioning their cases directly to the Tax Court without attempting to settle the dispute with the Appeals Division of the IRS. The Appeals. Division has more authority to settle cases than the Examination Division of the IRS. Appeals regularly settles large numbers of cases based on the hazards of litigation. Many of the cases taken directly to the Tax Court are eventually settled by the Appeals Officers after the case has been opened in the Tax Court with little involvement by the Court.

Congress consequently believed that it is appropriate to provide a penalty for failure to exhaust administrative remedies. This new penalty allows the Tax Court to penalize taxpayers who needlessly involve the Court in a dispute that should have been resolved in the Appeals Division of the IRS.

[Staff of the Joint Committee on Taxation, 99th Cong., 1st Sess., General Explanation of the Tax Reform Act of 1986, p. 1300 (Jt. Comm. Print 1987).]

It is clear that the parties could have settled this case in the audit stage because petitioners were able to substantiate the lion's share of the items that respondent disallowed in the statutory notice. Respondent, however, was not able to dispose of this case quickly or efficiently because petitioners absolutely refused—before *and* after the statutory notice was issued—to pursue administrative appeals within the Internal Revenue Service, and supply substantiation (which they had) at which time this case could easily have been settled by the parties.

Petitioners' first opportunity to appeal their case within the Internal Revenue Service came on May 7, 1987, when they received a 30-day letter from respondent, notifying them that they could request an appeals conference and file a written protest if they disagreed with respondent's proposed findings. Petitioners responded by filing a written protest characterized by frivolous tax protestor theories. They refused to consider respondent's numerous requests for documents and rebuffed respondent's attempts to set up appeals conferences. The fact that petitioners eventually substantiated virtually all of their claimed deductions merely reinforces respondent's contention that petitioners were unreasonable in their failure to attempt to settle this matter through appeals within the Internal Revenue Service.

We finally note that petitioners are no strangers to section 6673. In a bench opinion involving tax years 1980 and 1981, docket No. 3536-83, this Court awarded damages, sua sponte, to the United States because petitioners' position in that proceeding was frivolous and groundless and because they instituted and maintained the suit primarily for delay, as authorized by section 6673. In an unreported order involving tax years 1982 and 1983, docket No. 23216-86, affd. by unpublished opinion 865 F.2d 249 (3d Cir. 1988), this Court awarded damages of $5,000 to the United States because petitioners' position in that proceeding was frivolous and groundless, as provided for in section 6673.

We hereby award $5,000 in damages to the United States because of petitioners' unreasonable failure to pursue their available administrative remedies. This case presents an appropriate opportunity to award damages to the United States, as envisioned by Congress, when a taxpayer files and pursues a petition in this Court without attempting to appeal his case within the Internal Revenue Service, leading to a waste of judicial and Government resources and inconveniencing waiting taxpayers with legitimate claims in need of resolution before this Court.

Finally, we note petitioners' claim, made at trial and on brief, that they are entitled to costs and fees because they substantially prevailed in this litigation, pursuant to section 7430.

With respect to the proper time for making such an application for the award of fees and costs, Rule 231 provides in pertinent part as follows:

(a) Time and Manner of Claim: * * *

(2) Unagreed Cases: Where a party has substantially prevailed and wishes to claim reasonable litigation costs, and there is no agreement as to that party's entitlement to such costs, a claim shall be made by motion filed—

(i) Within 30 days after the service of a written opinion determining the issues in the case;

Rule 231(b) then goes on to specify the contents of a motion so filed for the allowance of litigation fees and costs. In the instant case, petitioners did not comply with the requirements of Rule 231 regarding either the time or the

content of a motion for the allowance of attorney's fees under section 7430, and we give petitioners' claim no further consideration herein.

*Decision will be entered under Rule 155.*