PAUL KODAK, F.K.A. SAUL KOZUCK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kodak v. Commissioner
Docket No. 5988-87
United States Tax Court
T.C. Memo 1991-485; 1991 Tax Ct. Memo LEXIS 534; 62 T.C.M. (CCH) 870; T.C.M. (RIA) 91485; September 30, 1991, Filed *534 Decision will be entered under Rule 155. Paul Kodak, f.k.a. Saul Kozuck, pro se. Ismael Gonzalez, for the respondent. COLVIN, Judge. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiencies
6651(a)(1)
6653(a)(1)
6653(a)(2)
6661
1981
$ 29,444.86
$ 7,361.21
$ 1,472.24
*
--
1982
32,084.86
8,021.21
1,604.24
*
$ 2,905.54
1983
36,697.38
9,174.34
1,834.87
*
3,335.94
1984
42,500.57
10,625.14
2,125.03
*
3,814.91
1985
34,292.12
8,573.03
1,714.61
*
--
After concessions, [1] the issues for decision are: 1. Whether respondent's deficiency determinations for petitioner's taxable years 1981 through 1985 are correct. We hold that they are. *535 2. Whether petitioner can claim an additional exemption for his son in 1981. We hold that he may not. 3. Whether petitioner is liable for additions to tax: (a) For failure to timely file returns under section 6651(a)(1); (b) for negligence under section 6653(a)(1) and (2) for the years in issue; and (c) for additions to tax for substantial understatement of income tax pursuant to section 6661 for 1982, 1983, and 1984. We hold that he is liable for these additions to tax for the years determined by respondent. 4. Whether petitioner is liable for a penalty under section 6673 for unreasonably failing to pursue available administrative remedies. We hold that he is. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some facts were stipulated by the parties and are so found. Some facts relating to the procedural history of the case are found based on uncontroverted representations made in procedural motions and responses filed by the parties. 1. Petitioner
Petitioner Paul Kodak (f.k.a. Saul Kozuck) resided in *536 East Orange, New Jersey, when his petition was filed. Petitioner holds a master of business administration degree from New York University. During the years at issue, he worked as a mechanical engineer for several corporations. Payments by the corporations were reported to petitioner on Forms 1099. He also worked part time as an insurance agent. Petitioner made timely estimated tax payments during the years in issue. He believed that he owned no or very little tax due to the estimated payments made. 2. Procedural History
Petitioner sent letters dated August 13, 1985, December 26, 1985, and August 10, 1986, to the Brookhaven Service Center in Holtsville, New York, requesting additional time to file his returns for the years in issue. His reason for the request was that he had been "heavily engaged in overtime work on urgent defense material and in time absorbing litigation." He promised to try to complete the 1981 and 1982 returns by the end of 1985, and the 1983 and 1984 returns by mid-April 1986. On July 25, 1986, the Internal Revenue Service Examination Group sent a letter to petitioner indicating he failed to respond to nine computer notices and a request to provide *537 Forms W-2 or Forms 1099 for the tax years 1981 through 1985. The letter requested that petitioner submit to respondent all Forms W-2, Forms 1099, and other income documents by August 15, 1986. At that time petitioner had not filed income tax returns for those years. On August 11, 1986, petitioner wrote to respondent's Revenue Officer, Janet B. Williams, and enclosed certain income tax documents, including several Forms 1099, for the tax years in issue. Petitioner indicated in this letter that he had not included documentation of tax deferred income from retirement, Keogh, and IRA plans. On October 3, 1986, the Examination Group sent a letter to petitioner requesting an appointment to discuss his failure to file returns. Petitioner did not appear for the appointment. On November 4, 1986, petitioner wrote to the Examination Group requesting a conference with the Appeals Division. On December 4, 1986, the Examination Group wrote to petitioner indicating it could not honor his request for an appeals conference because he had not submitted the information concerning his unfiled returns for 1981 through 1985 it had previously requested. On December 9, 1986, respondent issued the *538 notice of deficiency for the years at issue. Respondent determined petitioner's tax liability for each of the years at issue on the basis of income from wage statements and Forms 1099, some of which were provided to the Internal Revenue Service by petitioner. Respondent determined petitioner's filing status to be single and allowed petitioner one exemption. Respondent later conceded that petitioner is entitled to file joint returns for the years at issue. Petitioner filed a return for 1981 on January 22, 1987. Petitioner claimed an exemption for his 26 year old son Jack on his 1981 return. On March 9, 1987, petitioner filed his petition. On July 2, 1987, the Appeals Office wrote to petitioner scheduling a conference for July 22, 1987. On July 15, 1987, petitioner telephoned the Appeals Office to cancel the conference because he needed more time. On October 3, 1987, the Appeals Office sent to petitioner a request for documents to substantiate his Schedule A and Schedule C expenses for 1981. The appeals conference was rescheduled for October 8, 1987. Petitioner attended the conference, but he provided no documents previously requested to substantiate these expenses. Petitioner *539 indicated he needed additional time to provide the documentation requested and to file his returns for 1982, 1983, 1984 and 1985. On February 9, 1988, April 22, 1988, April 26, 1988, and May 3, 1988, District Counsel Attorney Geraldine Eure sent letters to petitioner attempting to arrange a Branerton conference, to aid petitioner in the preparation of his returns, requesting documents, and attempting to arrange a telephone conference with the Court. Petitioner filed a return for 1982 on March 2, 1988. This case was calendared for trial for the session beginning June 20, 1988, but was stricken from trial by another Division of this Court by Order dated May 10, 1988. Petitioner filed returns for 1983, 1984, and 1985 on June 27, 1988, September 21, 1988, and January 3, 1989, respectively. On September 13, 1989, and October 19, 1989, a copy of the Court's standing pretrial order was sent to petitioner. Petitioner had failed to notify the Court of his change of address. On October 20, 1989, respondent wrote to petitioner asking him to respond to the Interrogatories and Request for Production of Documents sent to him on March 28, 1988, and April 1, 1988, respectively. On November *540 24, 1989, respondent filed a Motion to Compel Production of Documents. The Court issued an order dated November 28, 1989, giving petitioner until December 22, 1989, to object or produce those documents for respondent. Petitioner mailed letters to the Court dated December 3 and December 9, 1989, which the Court filed as Petitioner's Objections to Respondent's Motion. In the letters petitioner contended that he had consistently made overpayments of taxes during the years in issue and therefore owed no tax. The letters also contained a detailed description of his daughter's very serious illness. The Court issued an Order, dated December 14, 1989, ordering petitioner to produce for respondent copies of documents previously requested. The December 14, 1989, order extended the previous December 22, 1989, deadline to January 9, 1990. The December 14, 1989, order also indicated that the Court might impose sanctions pursuant to Rule 104 if petitioner failed to comply with the Order. Petitioner submitted an Objection to Request for Production of Documents, dated January 7, 1990. On January 19, 1990, respondent sent a proposed Stipulation of Facts to petitioner. On January 22, 1990, *541 respondent filed a Motion To Impose Sanctions pursuant to Rule 104(c). By order dated January 22, 1990, we granted respondent's motion to exclude evidence previously requested by respondent which petitioner failed to provide to respondent on or before January 29, 1990. On January 29, 1990, petitioner filed a Motion Requesting Removal of Order To Exclude Evidence, in which petitioner stated that he had complied with this Court's January 22, 1990, order by mailing two separate packages of documents to respondent on January 27, 1990. Respondent received various documents from petitioner on January 30, 1990, in response to the Court's Order. Petitioner submitted summaries of his alleged Schedule A and Schedule C expenses and adjustments to income, as well as 22 employment rejection letters, 1979 news articles and correspondence with the U.S. Department of Energy, United States Senator Bradley, New York City Mayor Edward Koch, and New Jersey Governor Byrne on "The Kodak Emergency Plan for Removal of Long Gas Lines" and a poem entitled "Working, Working, Never Shirking, That's Ole Saul Kozuck." On February 2, 1990, respondent filed an Objection to Petitioner's Motion Requesting Removal *542 of the Court's Order to Exclude Evidence. Respondent cited petitioner's failure to comply with the Court's November 28, 1989, and January 22, 1990, orders to provide documents substantiating his expenses and deductions. On February 6, 1990, respondent wrote to petitioner indicating that respondent was considering asking for a penalty under section 6673 for petitioner's delay and failure to pursue available administrative remedies. At trial, respondent moved for the imposition of a penalty pursuant to section 6673. Petitioner submitted three shopping bags of material at trial, but they were not admitted in evidence. At trial, petitioner testified, but called no other witnesses. 3. Petitioner's Income and Deductions
The following is a schedule of petitioner's income for the tax years 1981 through 1985 as stipulated by the parties: 1981
1982
1983
1984
Income Per Return
Schedule C-Husband
[2] $ 62,559.77
$ 74,362.79
$ 87,053.79
$ 97,911.39
Interest
3,835.62
301.12
1,871.38
2,195.23
Dividends
139.54
1,452.29
1,699.33
2,753.21
Capital Gains
21.99
6.02
--
6.33
Schedule C-Wife
--
2,000.00
2,000.00
2,000.00
1985
Income Per Return
Schedule C-Husband
$ 83,528.17
Interest
1,647.50
Dividends
2,615.17
Capital Gains
5.64
Schedule C-Wife
2,000.00
*543 The following is a schedule of petitioner's claimed Schedule A expenses in dispute for the tax years 1981 through 1985: 1981
1982
1983
1984
Schedule A Expenses
Itemized Deductions:
Medical
$ 3,367.11
$ 3,228.50
$ 1,755.74
$ 4,627.09
Taxes
1,339.80
3,170.19
1,895.41
3,054.91
Interest
464.40
453.91
412.91
291.87
Contributions
261.00
268.00
293.00
1,007.00
Miscellaneous
58.00
61.00
61.00
65.00
Zero Bracket Amount
<3,400.00>
<3,400.00>
<3,400.00>
<3,400.00>
$ 2,090.31
$ 3,781.60
$ 1,018.06
$ 5,645.87
1985
Schedule A Expenses
Itemized Deductions:
Medical
$ 4,848.52
Taxes
3,405.42
Interest
250.07
Contributions
507.00
Miscellaneous
67.00
Zero Bracket Amount
<3,540.00>
$ 5,538.01
The following is a schedule of petitioner's claimed Schedule C expenses in dispute for the tax years 1981 *544 through 1985: 1981
1982
1983
1984
Schedule C Expenses:
Car & Truck
$ 5,932.94
$ 7,917.46
$ 5,346.69
$ 5,562.67
Depreciation
1,294.52
1,675.10
1,815.12
1,920.08
Office Supplies
696.81
1,188.99
1,110.46
711.86
Rent Expenses
1,348.80
1,808.46
1,855.97
1,966.84
Travel &
Entertainment
1,521.24
1,269.46
1,303.97
2,014.87
Telephone
369.04
406.66
597.33
490.82
Secretary
2,000.00
2,000.00
2,000.00
2,000.00
Total
$ 11,163.35
$ 16,266.13
$ 14,029.54
$ 14,667.14
1985
Schedule C Expenses:
Car & Truck
$ 5,368.01
Depreciation
2,526.23
Office Supplies
1,547.81
Rent Expenses
2,054.05
Travel &
Entertainment
2,460.55
Telephone
463.21
Secretary
--
Total
$ 14,419.86
The following is a schedule of petitioner's adjustments to income in dispute for the tax years 1981 through 1985: 1981
1982
1983
1984
Adjustments to Income
Bad Debt
$ 5,024.00
$ --
$ --
$ --
IRA Contribution
1,750.00
4,000.00
4,000.00
4,000.00
Keogh Payments
7,500.00
9,437.40
12,039.61
45,724.00
Total
$ 14,274.00
$ 13,437.40
$ 16,039.61
$ 49,724.00
Exemption - Son
$ 1,000.00
1985
Adjustments to Income
Bad Debt
$ --
IRA Contribution
4,000.00
Keogh Payments
38,696.00
Total
$ 42,696.00
Exemption - Son
*545 OPINION This is essentially a substantiation case. Respondent's determinations in the notice of deficiency are presumed correct, and petitioner bears the burden of proving otherwise. Welch v. Helvering, 290 U.S. 111, 115, 78 L. Ed. 212, 54 S. Ct. 8 (1933); Rule 142(a). 1. Exclusion of Evidence
Respondent requested that petitioner furnish income tax information and substantiation for the deductions he claimed. These requests were made in July 1986, October 1987, February, April, and May 1988, and October 1989. Petitioner repeatedly failed to provide documents to respondent. On November 28, 1989, and December 14, 1989, we ordered petitioner to produce copies of documents previously requested by respondent, but petitioner failed to comply. On January 22, 1990, we ordered the exclusion of evidence which petitioner failed to provide by January 29, 1990. Petitioner submitted numerous documents, including summaries of his expenses and deductions, but provided no receipts, charge slips, bills, or other underlying documentation. At trial petitioner sought to move into evidence three shopping bags of materials. Respondent objected on the grounds that it violated our January 22, 1990, order. Relevant *546 material petitioner provided to respondent on January 30, 1990, in substantial compliance with our order to produce by January 29, 1990, was admitted. Material not so provided was not admitted. Rule 104(c)(2); Gleason v. Commissioner, T.C. Memo 1990-110; see Freedson v. Commissioner, 565 F.2d 954 (5th Cir. 1978), affg. 65 T.C. 333 (1975) and 67 T.C. 931 (1977); McCoy v. Commissioner, 76 T.C. 1027 (1981), affd. 696 F.2d 1234 (9th Cir. 1983). Petitioner chose not to timely file returns. He apparently failed to maintain complete and organized records. Petitioner was given numerous chances to submit documentation to substantiate his deductions, but chose not to do so. He failed to comply with several Court orders to produce documents. Petitioner's willful failure to comply with respondent's discovery requests and these Court orders led to the exclusion from evidence of the three shopping bags of material. Gleason v. Commissioner, T.C. Memo 1990-110; May v. Commissioner, T.C. Memo 1981-119. 2. Petitioner's Claimed Deductions
No evidence was admitted which convinces us that petitioner met his burden of proof for his claimed Schedule A and C expenses *547 and adjustments to income. Much of the evidence petitioner offered consisted of irrelevant and self-serving documents. Petitioner's work papers and expense summaries were wholly uncorroborated. No receipts, charge slips, bills, or other underlying documentation were admitted to substantiate his alleged payment of auto repairs, tolls, parking, rent, phone, stamps, post office box rental, travel and entertainment, car and truck, office, and medical expenses. Petitioner in effect forfeited his right to offer corroborative evidence at trial due to his failure to comply with several Court orders. At trial petitioner was forced to rely on his tax returns, his testimony, and the evidence described above which he had provided to respondent in response to Court orders. Petitioner urged this Court to accept his work papers as adequate to substantiate his expenses. We are not obligated to accept a taxpayer's self-serving, uncorroborated testimony, Geiger v. Commissioner, 440 F.2d 688, 689 (9th Cir. 1971), affg. T.C. Memo 1969-159, or work papers in lieu of receipts, checks, and other documentation. Deductions are a matter of legislative grace. Petitioner has the burden of establishing *548 that he is entitled to the deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440, 78 L. Ed. 1348, 54 S. Ct. 788 (1934). A taxpayer must substantiate the payments which give rise to claimed deductions. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 6001. We have long held that where the taxpayer does not substantiate claimed deductions, the Commissioner is not arbitrary or unreasonable in denying them. Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974); Pfluger v. Commissioner, T.C. Memo 1986-78, affd. 840 F.2d 1379, 1383 (7th Cir. 1988). Moreover, absent documentation by petitioner, we note that the record in this case provides no basis for making a determination under Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). Lerch v. Commissioner, 877 F.2d 624, 628-629 (7th Cir. 1989), affg. T.C. Memo 1987-295; Lutheran Mutual Life Insurance Co. v. United States, 816 F.2d 376, 379 (8th Cir. 1987); Bay Sound Transportation Co. v. United States, 410 F.2d 505, 511 (5th Cir. 1969). 3. Dependency Exemption
Petitioner claimed an exemption for his 26-year old son Jack in 1981. To be entitled to *549 claim his son as a dependent under section 152(a), petitioner must establish that he provided over one-half of Jack's support in 1981. The burden is on petitioner to show that those amounts exceeded one-half of his support for 1981. Hopkins v. Commissioner, 55 T.C. 538, 541 (1970); Seraydar v. Commissioner, 50 T.C. 756, 761 (1968). Petitioner failed to show any support he provided his son in 1981. Therefore, we find that petitioner has not met his burden of proving he is entitled to an exemption for his son for 1981. 4. Additions to Tax
a. Failure to File Timely Returns
Respondent determined that petitioner is liable for an addition to tax for failure to file a timely return for tax years 1981 to 1985. Section 6651(a)(1) imposes an addition to tax for failure to file a timely tax return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. Richardson v. Commissioner, 72 T.C. 818, 826-827 (1979). The burden of proof is on petitioner to show that the failure is due to reasonable cause and not willful neglect. United States v. Boyle, 469 U.S. 241, 245, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985); Davis v. Commissioner, 81 T.C. 806, 820 (1983), *550 affd. without published opinion 767 F.2d 931 (9th Cir. 1985). Petitioner did not file returns for the years in issue until 3 to 4 years after their due dates. Although he wrote numerous letters requesting extensions of time to file his returns for years 1981 through 1985, no extensions were granted. Petitioner was well aware of his responsibility to file returns as evidenced by his timely filing of estimated tax declarations. His assumption that he owed no tax, stated in numerous letters to respondent, is no excuse for his delinquent filing of returns. Petitioner has not convinced us that his failure to file timely returns was due to reasonable cause and not to willful neglect. Consequently, we hold he is liable for the addition to tax for late filing under section 6651(a)(1) for the years in issue. b. Negligence
Respondent determined that petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (2) for the years in issue. Section 6653(a)(1) imposes an addition to tax equal to five percent of the underpayment if any part of an underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) imposes *551 an additional liability of 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that respondent's determination that he was negligent or intentionally disregarded the rules and regulations for each of the years in issue was erroneous. Bell v. Commissioner, 85 T.C. 436, 441 (1985); Warrensburg Board & Paper Corp. v. Commissioner, 77 T.C. 1107, 1112 (1981); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). Negligence is defined as a lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner was aware of his duty to file income tax returns and pay taxes on his wage income as evidenced by his estimated tax payments during the years in issue. However, petitioner did not file returns for the 5 years in issue until after he received statutory notices of deficiency. Petitioner also failed to show that he maintained adequate records to substantiate *552 the deductions claimed. Sec. 6001. Petitioner also failed to cooperate with respondent throughout the pendency of this case. Emmons v. Commissioner, 92 T.C. 342, 350 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Accordingly, we hold that petitioner is negligent and liable for the additions to tax under section 6653(a)(1) and (2). c. Substantial Understatement
Respondent determined that petitioner is liable for additions to tax for 1982, 1983, and 1984 pursuant to section 6661 because he substantially understated his income tax. Section 6661 imposes an addition to tax at a rate of 25 percent of the amount of any underpayment attributable to a substantial understatement of income tax. A substantial understatement exists if the amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $ 5,000. Sec. 6661(b)(1)(A). Petitioner substantially understated his income tax pursuant to section 6661(b) for 1982, 1983, and 1984, and is therefore liable for the addition to tax under section 6661(a). After taking into account petitioner's prior estimated tax payments, petitioner's underpayments for purposes *553 of section 6661 will be computed under Rule 155. [3]
5. Proceedings Instituted Primarily For Delay
Section 6673 states that this Court may impose a penalty not in excess of $ 25,000 when proceedings have been instituted or maintained primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. Respondent argues that petitioner instituted and maintained this case primarily for the purpose of delay and that he unreasonably failed to pursue available administrative remedies. We believe the facts of this case are similar to those in Birth v. Commissioner, 92 T.C. 769, 770, 774-775 (1989), in which this Court awarded damages under former section 6673 for the taxpayers' unreasonable failure to pursue available administrative *554 remedies. In Birth, the taxpayers refused to attend an audit and failed to substantiate deductions for expenses allegedly incurred in their business activities. In the instant case, petitioner repeatedly ignored respondent's requests for production of documents, and failed to respond or cooperate in respondent's audit. Despite his attempts to place the blame for his tax problems on respondent, petitioner has no one to blame but himself for his late filing of returns, his failure to keep complete and adequate records, and his failure to provide substantiation in response to respondent's requests. This is a substantiation case that could have been resolved at the audit stage had petitioner been willing to pursue administrative remedies. Accordingly, we require petitioner to pay a penalty of $ 3,500 to the United States for petitioner's unreasonable failure to pursue available administrative remedies. To reflect concessions, Decision will be entered under Rule 155.
Footnotes
*. 50% of the interest due on $ 29,444.86 for 1981, $ 32,084.86 for 1982, $ 36,697.38 for 1983, $ 42,500.57 for 1984, and $ 34,292.12 for 1985.↩
1. Petitioner conceded on brief that he is liable for the self-employment tax for the years in issue. Respondent conceded on brief that petitioner is entitled to use the married filing jointly rates for all of the years at issue.↩
2. Although the parties stipulated that the Schedule C income for petitioner was $ 62,599.77, the amount shown on the return is $ 62,559.77, and that is the figure we will use.↩
3. For purposes of determining underpayments under sec. 6661, these amounts were reduced by the amount of taxes previously paid by petitioner. See Woods v. Commissioner, 91 T.C. 88↩ (1988).