PETER A. JOHNSON AND CLAIRE P. LYON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 15585-90.
United States Tax Court
T.C. Memo 1992-151; 1992 Tax Ct. Memo LEXIS 169; 63 T.C.M. (CCH) 2387; T.C.M. (RIA) 92151; March 16, 1992, Filed *169 Peter A. Johnson and Claire P. Lyon, pro se. Ronald F. Hood, for respondent. TANNENWALD
TANNENWALD
SUPPLEMENTAL MEMORANDUM OPINION TANNENWALD, Judge: This case is again before us on petitioners' motion for reconsideration of our Memorandum Findings of Fact and Opinion, T.C. Memo. 1991-645. Initially, we note that the arguments as to whether petitioners are bound by their section 333 [1] election are repetitious, have been dealt with in our prior opinion, and provide no valid basis for our further consideration. With respect to the additions to tax under section 6653(a)(1) and (2), petitioners seek to persuade us that, although Johnson is one person, he is entitled to divide himself into two characters -- one an ordinary taxpayer without any tax background and experience and the other a knowledgeable accountant upon whom *170 the first character was entitled to rely. This is disingenuous to say the least. Johnson is one person with a number of qualifications, including his status as a certified public accountant, and we are entitled to take that status into account in deciding what the consequences of his action should be. The test is the care "a reasonable and ordinarily prudent person would exercise under the circumstances" and clearly a circumstance is Johnson's status as a C.P.A. See Antonides v. Commissioner, 91 T.C. 686, 699-700 (1988), affd. 893 F.2d 656 (4th Cir. 1990). See also Schirmer v. Commissioner, 89 T.C. 277, 287 (1987), where, in sustaining respondent's determination as to additions to tax under section 6653(a)(1) and (2), we pointed out that "petitioners were well educated individuals who should have known that they could not claim deductions and losses for their farming activity".[2] For the reasons set forth in our prior opinion, Lyon cannot claim any different treatment. The fact that she apparently acquired her stock before she and Johnson were married is not sufficient to avoid, under the circumstances herein, identification *171 of her with her husband 6 years later. Petitioners also fail to distinguish between the situation at the time the election was made in December 1986 and the impact of their actions thereafter. It was at the former time that Johnson made his mistake of law, a mistake which the totality of the circumstances indicate may not have been excusable. In any event, Johnson's subsequent actions provide ample reason for our conclusion that respondent's determination as to the additions to tax both under section 6653(a)(1) and section 6653(a)(2) should be sustained. After a further review of the record and due consideration of petitioners' arguments, we are satisfied that our conclusions in our prior opinion should *172 not be changed. In so stating, we are aware that those conclusions are at variance with some of the views we expressed at trial. Those views, however, were made prior to the time that we had had an opportunity to review the record as a whole, i.e., the stipulation of facts, together with the accompanying exhibits, and the oral testimony -- a review which we made prior to issuing our prior opinion and again in considering petitioners' motion for reconsideration. In point of fact, such reviews have caused our initial sympathy for petitioners to wane and the mantle of reasonableness, which we had thought to exist, to disappear. Petitioners have the burden of proof as to the additions to tax under section 6653(a)(1) and (2). Rule 142(a); Neely v. Commissioner, 85 T.C. 934, 947 (1985). [3] Two facts in relation to petitioners' actions subsequent to December 1986 are critical. First, they filed their personal return in April 1987, in which they merely described the transaction in respect of the disposition of PAJA stock as a "sale", a far cry from the "statement of all facts" required by section 1.333-6, Income Tax Regs. Moreover, they did not attach to their return *173 a copy of the Form 964 in accordance with section 1.333-3, Income Tax Regs. The attachment of Form 964 and the statement constitute the means of alerting respondent to the fact that section 333 is involved -- something that is not fully accomplished by the separate filing of the 964. Equally significant, in the context of the additions to tax, is the failure to include Schedule L on the Form 1120 of PAJA for the short year ending December 28, 1986, which was filed on February 2, 1988, in response to a request of respondent's auditor. This delay is in sharp contrast to the fact that the Form 1120-A for PAJA's taxable year ending June 30, 1986, prepared at the same time as the Form 1120, was filed on January 8, 1987. Petitioners' assertion that the return without Schedule L was filed at an earlier date is simply not convincing in light of the other evidence of record. Similarly, the fact that Johnson may not have recognized that PAJA had earnings and profits on December 28, 1986, until the audit took place in 1988 (a fact as to which we have serious doubts in light of the 1986 short-year return prepared in December 1986) does not excuse the foregoing failures on petitioners' part *174 -- failures which go to the heart of the question whether respondent's determination of the additions to tax under section 6653(a)(1) and (2) should be sustained.[4]
As far as the addition to tax under section 6661 is concerned, the requirements of that section and the *175 regulations thereunder, sections 1.6661-2 and 1.6661-3, Income Tax Regs., were clearly not met for the reasons set forth in our prior opinion with respect to disclosure and the existence of substantial authority. See also Accardo v. Commissioner, 942 F.2d 444 (7th Cir. 1991), affg. 94 T.C. 96 (1990); Antonides v. Commissioner, 91 T.C. at 702-704; Schirmer v. Commissioner, 89 T.C. at 282-286. [5] Petitioners seek to avoid our analysis by arguing, for the first time, that respondent should have waived the section 6661 addition. Sec. 6661(c); sec. 1.6661-6, Income Tax Regs. Initially, we note that this argument comes much too late and that the record herein lacks a sufficient factual foundation in respect of petitioners' efforts to obtain a waiver. See Weintrob v. Commissioner, T.C. Memo. 1991-67. *176 The standard for our deciding that respondent should have exercised her authority to grant a waiver is one of proof of abuse of discretion by respondent, a higher standard than the usual preponderance of the evidence. Karr v. Commissioner, 924 F.2d 1018, 1026 (11th Cir. 1991), affg. Smith v. Commissioner, 91 T.C. 733 (1988); Mailman v. Commissioner, 91 T.C. 1079 (1988). Thus, even if we had held that petitioners had carried their burden as to the additions to tax under section 6653(a)(1) and (2), it would not necessarily follow that respondent should have waived the section 6661 addition to tax. Antonides v. Commissioner, supra; Weintrob v. Commissioner, supra.Indeed, we incline to the view that petitioners would not, under such circumstances, have carried their burden. A fortiori, they have not carried their burden when we have found them liable for the additions to tax under section 6653(a)(1) and (2). The long and the short of the matter is that, although as we stated in our previous opinion, we do not share respondent's "sinister view" of the situation, we are satisfied *177 that petitioners were less than forthright in dealing with the section 333 election and that such lack of forthrightness results in our reaffirming our prior conclusion that they have failed to carry their burden of proof in respect of the additions to tax. Two other points raised in petitioners' motion need attention: (a) They complain that our previous opinion did not deal with a $ 4,500 payment represented by a check to the order of PAJA received in March 1987 and deposited in petitioners' personal bank account. This payment was against an invoice from PAJA for a retainer for the months of January, February, and March of 1987. We did not include that payment in light of Johnson's testimony that all services performed or to be performed after December 1986 were his personal services on his own behalf. We are not persuaded otherwise by his testimony relating to the status of the relationship of PAJA and himself personally in respect of service to the particular client as nothing more than an after-the-fact attempt to construct a picture of PAJA continuing in business in order to support petitioners' assertion that the 1-month distribution requirement of section 333 was not satisfied *178 -- an assertion which is in direct conflict with petitioners' claim that there was a complete liquidation of PAJA under that section. (b) Petitioners ask us to assure that they receive credit for an $ 18,000 payment to the Internal Revenue Service which they appear to have made in January 1992. We assume that any such payment will be treated by respondent in the same manner as the 1991 payment of $ 23,000 to which we referred in our prior opinion. Petitioners' motion will be denied. An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See also Spears v. Commissioner, T.C. Memo. 1992-78↩, where we stated in sustaining respondent's determination as to additions to tax under sec. 6653(a)(1) and (2): "We do not believe that petitioners' actions were reasonable in light of the level of their education and professional background."
3. In this connection, our citation of Birth v. Commissioner, 92 T.C. 769, 770↩ (1989), was merely for the purpose of setting forth this principle and not in any way to suggest that our analysis in that case was authority for our conclusion herein. 4. Petitioners request that we reopen the record to take the deposition of the Internal Revenue Service auditor to support their assertion as to the time of Johnson's awareness of the existence of earnings and profits of PAJA. Aside from the fact that such a request is much too late, we find it difficult to see how the auditor could state what Johnson's knowledge was more than a year after the fact, other than to repeat what Johnson told him, which would be unpersuasive corroboration.↩
5. In Sampson v. Commissioner, T.C. Memo. 1990-485↩, cited by petitioners, the taxpayers not only filed the required form with the return but disclosed other pertinent information as well.