T.C. Memo. 2004-77


UNITED STATES TAX COURT


J. THOMAS AND HENRIETTA A. HARDIN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14301-01.                    Filed March 22, 2004.


<u>J. Thomas Hardin</u>, for petitioners.

<u>Mark D. Eblen</u>, for respondent.


MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  Respondent determined a deficiency of

$63,063[1] in petitioners' Federal income tax for 1996 and an

accuracy-related penalty of $12,613 under section 6662(a)[2]

---

[1] All amounts have been rounded to the nearest dollar.

[2] All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
(continued...)

arising from petitioners' failure to substantiate certain expenses for 1996. The trial of this case was scheduled for the Court's Louisville, Kentucky, trial session commencing September 8, 2003 (Louisville trial session). When this case was called at calendar, petitioners failed to appear. Respondent moved to dismiss the case for petitioners' lack of prosecution. We grant respondent's motion to dismiss for lack of prosecution.

Respondent also moved to impose sanctions under section 6673 against petitioners for instituting these proceedings primarily for delay and for petitioners unreasonably failing to pursue available administrative remedies. An evidentiary hearing was held.[3] We shall impose a penalty against petitioners under section 6673.

## Background

Petitioners resided, at the time they filed the petition, in Inez, Kentucky.

Petitioner,[4] licensed to practice law in Kentucky and West Virginia, was a self-employed attorney involved in the general

---

[2](...continued)
indicated.

[3] The Court heard testimony from Agent Anna Lou Dary, who handled the audit, and Appeals Officer Elmer L. Craig. The testimony related to the accuracy-related penalty under sec. 6662(a) and sec. 6673.

[4] References to petitioner individually are to J. Thomas Hardin, and the claimed deductions relate to his businesses, not to those of Henrietta A. Hardin.

practice of law. Petitioner also served as a Domestic Relations Commissioner within a three-county area in Kentucky which meant he presided over and heard divorce actions (divorce referee).

Petitioner reported self-employment income in 1996 of $170,980, and claimed deductions of $110,171 attributable to the law practice, and $27,953 attributable to petitioner's serving as a divorce referee. Respondent began examining petitioners' income tax return for 1996 on May 18, 1999, when respondent sent petitioners a letter requesting to meet with them to obtain documentation substantiating petitioners' income, expenses, and deductions reported on their tax return for 1996.

Despite numerous requests to provide respondent the documents to substantiate the deductions, petitioners lacked adequate books and records. What little documentation petitioners provided was insufficient to substantiate the deductions. For example, petitioner provided banking information and provided the revenue agent a listing of expenses. The listing lacked dates and check numbers, however, and was merely a listing of expenses with separate amounts shown under each expense category.

The revenue agent testified that many of petitioners' bank records appeared to be personal expenses that petitioners deducted for business purposes. For example, petitioner deducted checks written to his wife for contract labor, but petitioners

did not report any income from the contract labor on their return for 1996. There were also checks written to petitioners' daughter and checks written to the University of Kentucky where petitioners' daughter attended. Petitioner also deducted loan payments as business expenses.

Petitioners used various delay tactics to avoid providing the necessary substantiation. Petitioner failed to attend most of the substantiation conferences that respondent's revenue agent scheduled with petitioner, and petitioner frequently failed to notify respondent's revenue agent in advance that he would be unable to attend the conference. Petitioner would even miss conferences that were scheduled at petitioner's law office. When the revenue agent appeared at petitioner's office for a substantiation conference, petitioner's secretary told the agent that petitioner was not in the office and that she did not know where petitioner was or even if he was expected in the office that day. Petitioner often had to reschedule the substantiation conferences.

Respondent's revenue agent testified that petitioner rescheduled 13 different times. The excuses petitioner gave to respondent were numerous and varied. Petitioner missed the conferences or needed to reschedule the conferences for the following reasons: (1) His mother was ill, (2) his father was ill, (3) his college roommate was ill, (4) a close friend died,

(5) he needed to attend a closing, (6) he needed to attend a closing for a friend, (7) he needed to attend a closing for his law firm, (8) the weather was too bad, (9) he was working on a political campaign, (10) he had to be in court, (11) he was too busy with his law practice, and (12) he was stung by a wasp. Because of petitioner's excuses to reschedule the substantiation conferences, this matter languished for more than 2 years in Exams.

After 2-1/2 years of futile attempts at rescheduling substantiation conferences with petitioners, respondent issued a statutory notice of deficiency (Notice) on September 6, 2001. In the Notice, respondent disallowed $67,906 claimed by petitioners on Schedule C-1[5] as ordinary and necessary expenses incurred in operating petitioner's law practice, $22,828 claimed by petitioners on Schedule C-2[6] as ordinary and necessary expenses incurred in serving as a divorce referee, and $7,541 claimed in Schedule E rental losses.[7] Respondent also assessed an accuracy-

[5] Regarding petitioner's law practice, petitioner failed to provide documentation to substantiate car expenses, utilities, phone, travel expenses, taxes and licenses, contract labor, dues and publications, office expenses, legal and professional services, insurance, and filing fees.

[6] Regarding petitioner's divorce referee services, petitioner failed to substantiate car expenses, contract labor, insurance, interest, office expenses, and travel expenses.

[7] Respondent also increased petitioners' Schedule C gross receipts by $88,587. Respondent subsequently conceded, however,
(continued...)

related penalty under section 6662 against petitioners.

Petitioner also failed to attend conferences with Appeals even though the conferences were scheduled at locations most convenient to petitioner. Petitioner gave the same excuses to Appeals that he had given to respondent's examiner. At all times, petitioner insisted that he had the documents to substantiate his Schedule C, Profit or Loss From Business, and Schedule E, Supplemental Income and Loss, deductions.[8] He just needed more time to locate the documents. Petitioner never presented the substantiation to respondent despite the 4 years petitioner had since the audit began in 1999.

Petitioner's actions and excuses continued even after respondent's counsel became involved in the case. Respondent scheduled an informal discovery conference in respondent's office and asked petitioner to produce certain documents. Petitioner failed to attend the conference and failed to contact respondent to reschedule until after petitioner missed the conference.

Respondent's counsel filed a Motion to Compel Production of Documents and Impose Sanctions with this Court on July 25, 2003.

---

[7](...continued) that petitioners' gross receipts should be increased by $1,296, not $88,587.

[8] If petitioner met with the examiner or later with Appeals for the "purpose of having a substantiation conference," petitioner promised to provide additional documentation typically within 30 days of the conference but would fail to provide the documentation promised.

Respondent's motion also emphasized that, if petitioners failed to comply with respondent's discovery request, petitioners' case could be dismissed under Rule 123 and other sanctions, including a penalty under section 6673, could apply. The Court issued an Order dated July 28, 2003, ordering petitioners to comply with respondent's discovery request and scheduling the sanction portion of the motion for the Louisville trial session.

Respondent's counsel served his pretrial memorandum with a copy to petitioners on August 22, 2003. Respondent's memorandum again addressed the section 6673 penalty that was first advanced in respondent's motion to compel.

Petitioners failed to file a pretrial memorandum, and petitioners failed to prepare their case for trial in violation of this Court's Standing Pretrial Order. Petitioners also failed to comply with Rule 91 that requires parties to stipulate to as many facts as possible.

On the Thursday before the Louisville trial session,[9] petitioner orally requested a motion to continue. Petitioner explained that his mother was having eye surgery, and he needed a continuance so he could attend to his mother's medical needs. The Court denied petitioners' request for continuance and ordered

---

[9] As late as the Friday before the Louisville trial session, petitioner steadfastly maintained that he had all the necessary documentation. He simply needed more time to locate the "missing" documents.

petitioners to attend calendar call so we could arrange a mutually convenient time that week to try petitioners' case. Petitioners ignored the Court's Order. Petitioners did not attend calendar call. Instead, only respondent's counsel appeared when this case was called. Respondent's counsel explained to the Court that his office had received a letter by facsimile from Mrs. Hardin stating that petitioner had an inner ear infection and would be unable to attend calendar call. There was no explanation why Mrs. Hardin was unavailable.

Respondent moved to dismiss for failure to prosecute and for the imposition of a penalty under section 6673. The Court subsequently held an evidentiary hearing at respondent's request regarding the accuracy-related penalty under section 6662(a) for petitioners' failure to keep accurate books and records. The revenue agent and Appeals officer who testified as to the accuracy-related penalty under section 6662(a) also testified regarding respondent's written motion to impose a penalty under section 6673.

## Discussion

We now discuss whether to impose sanctions against petitioners. Given the serious consequences of a dismissal, we begin by discussing the sanction of dismissing this case for petitioners' failure properly to prosecute.

A.  Failure To Prosecute--Sanction by Dismissal

Respondent moved to dismiss this case for petitioners' failure to prosecute.  Rule 123 provides that this Court may, at any time, dismiss a case and enter a decision against a taxpayer.

Dismissal is the severest sanction that a court may apply. Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967); Freedson v. Commissioner, 67 T.C. 931, 937 (1977), affd. 565 F.2d 954 (5th Cir. 1978).  "[I]ts use must be tempered by a careful exercise of judicial discretion."  Freedson v. Commissioner, supra at 937. Dismissal may properly be granted where the party's failure is due to willfulness, bad faith, or fault.  Levy v. Commissioner, 87 T.C. 794, 803 (1986).  A case may be dismissed for failure properly to prosecute when taxpayers fail to appear at trial and do not otherwise participate in the resolution of their claims. Basic Bible Church v. Commissioner, 86 T.C. 110, 114 (1986); Ritchie v. Commissioner, 72 T.C. 126, 128-129 (1979); Ulery v. Commissioner, T.C. Memo. 1990-409.

Petitioners have been admonished that their failure to comply with this Court's Orders and Rules could result in a default.  Petitioners failed to comply with this Court's Standing Pretrial Order and Rules requiring the preparation of this case, including the requirement to meet and/or work with respondent's counsel to exchange documents and information, stipulate facts, and otherwise to prepare for trial.  Petitioner is an experienced

practicing lawyer who ignored this Court's Orders and procedures.

Petitioners failed to submit a Pretrial Memorandum or appear in person at the Louisville trial session. Petitioners did not enter into a stipulation or make themselves available to participate in the stipulation process. Petitioners have, on several occasions, not provided adequate records to substantiate the claimed deductions, although they have been given several opportunities and over 4 years to do so. Petitioners ignored many meetings respondent scheduled and frequently failed to give respondent any advance notice of petitioners' intention to miss the meetings. Despite petitioners' consistently and continuously maintaining during the entire 4-year period that they have all the necessary documentation, they have neither established nor substantiated the deductions claimed.

We find that petitioners failed properly to prosecute this case. In addition, petitioners have ignored this Court's Orders and Rules and protracted these proceedings. Further, petitioners failed to provide the Court an explanation why they failed to comply with this Court's Rules and our Standing Pretrial Order. Petitioners did not respond to respondent's Motion to Compel Production of Documents and Impose Sanctions or respondent's Motion to Dismiss for Lack of Prosecution and to Impose Sanctions under section 6673. Nor did petitioners appear at the hearing held at the Louisville trial session. In addition, petitioners

have failed to contact the Court to determine the status of that hearing. We find that these failures were due to petitioners' willfulness, bad faith, or fault. We shall therefore grant respondent's Motion to Dismiss For Failure Properly to Prosecute. Decision will be entered for respondent, taking into account respondent's concessions, supra, n.7.

B.   Sanction Under Section 6673

Respondent filed a motion to impose a penalty against petitioners under section 6673. This Court may impose a penalty up to $25,000 when proceedings have been instituted or maintained primarily for delay, where the taxpayer's position is frivolous or groundless, or where the taxpayer unreasonably fails to pursue available administrative remedies. Sec. 6673(a)(1).

Respondent argues that petitioners instituted and maintained this case primarily for the purpose of delay and that they unreasonably failed to pursue available administrative remedies. We agree.

We have found that taxpayers instituted proceedings in this Court primarily for delay where they "exhibited total disinterest in presenting or proving the merits, if any, of their cases." Voss v. Commissioner, T.C. Memo. 1989-238. This Court also has held that taxpayers unreasonably failed to pursue available administrative remedies when they failed to accept or respond to the Commissioner's Appeals Office invitation to discuss their

case (<u>Swingler v. Commissioner</u>, T.C. Memo. 1990-437) and when taxpayers failed to respond to the Commissioner's requests to substantiate deductions claimed on their returns. <u>Birth v. Commissioner</u>, 92 T.C. 769 (1989); <u>Swingler v. Commissioner</u>, <u>supra</u>.

We find the facts of this case are similar to those in <u>Birth v. Commissioner</u>, <u>supra</u> at 770, 774-775, in which this Court awarded damages[10] under section 6673 for the taxpayers' unreasonable failure to pursue available administrative remedies. The taxpayers in <u>Birth</u> refused to attend an audit and failed to substantiate deductions for expenses allegedly incurred in their business activities.

In the instant case, petitioners repeatedly ignored respondent's requests to substantiate the deductions petitioners claimed on their return for 1996 and failed to respond or cooperate in respondent's audit. Petitioners have no one to blame but themselves for their failure to keep complete and adequate records and their failure to provide substantiation in response to respondent's requests. This is a substantiation case

---

[10] Congress changed the terminology of sec. 6673(a) from "damages" to "penalty" in sec. 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2400. The legislative history to the Omnibus Budget Reconciliation Act of 1989 makes clear that the United States need not prove specific damages for this Court to impose a penalty under sec. 6673. H. Rept. 101-247, at 1399 (1989).

that could have and should have been resolved at the audit stage had petitioners been willing to pursue administrative remedies.

Petitioners have shown disregard for the tax laws and the Rules of this Court. We believe that petitioners will continue to do so unless and until they are sent a message that their behavior is unacceptable. We are acutely aware that petitioner is an officer of the court, not only as a practicing attorney, but also as a referee or hearing officer involving family law matters. As such, petitioner should appreciate the importance of following this Court's Rules and not wasting the limited resources of the Government.

Petitioners have displayed a complete lack of interest in presenting their case and have repeatedly ignored respondent's requests for substantiation of the claimed deductions. We therefore conclude that petitioners initiated this proceeding primarily for delay and have unreasonably failed to pursue available administrative remedies. Accordingly, we require petitioners to pay a penalty of $10,000 to the United States pursuant to section 6673.

To reflect the foregoing,

An appropriate order and order of Dismissal for Lack of Prosecution and a Decision will be entered under Rule 155.