James L. DOYAL and Colleen N. Doyal, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 79–1338.

United States Court of Appeals, Tenth Circuit.

March 11, 1980.

James L. Doyal and Colleen N. Doyal, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Helen A. Buckley, Richard N. Bush, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before BARRETT, DOYLE and McKAY, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.. See Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from a Tax Court judgment finding a $552.81 deficiency in the Doyals' 1974 taxes. The controversy began when the Internal Revenue Service requested substantiation for five of the itemized deductions on the taxpayers' 1974 return. The taxpayers refused the request, alleging that the I.R.S. was on a "fishing trip," and offered instead to negotiate on any two of the five deductions selected for audit. The I.R.S. responded with a statutory notice of deficiency disallowing all of the taxpayers' itemized deductions. The taxpayers petitioned the Tax Court for a redetermination of the assessed deficiency. The court ordered the taxpayers to produce their records. With the benefit of the information provided in response to this order, the I.R.S. narrowed its challenge, focusing on two casualty loss deductions and on the calculation of tax basis in a parcel of real property sold by the taxpayers during 1974. The Tax Court rejected all of the taxpayers' arguments. We have reviewed each of the issues raised by the taxpayers on appeal. Although none is substantial, one is sufficiently colorable to justify comment.

◼ The Tax Court determined that the burden of proof rested on the taxpayers to prove the existence and amount of the two claimed casualty losses.[1] This determination is in accord with the general rule. See Bull v. United States, 295 U.S. 247, 260, 55

S.Ct. 695, 699, 79 L.Ed. 1421 (1935); Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). The taxpayers cite Helvering v. Taylor, 293 U.S. 507, 515, 55 S.Ct. 287, 291, 79 L.Ed. 623 (1935), for the proposition that because the I.R.S. approached their case with an "arbitrary and unreasonable attitude,"[2] Brief for Appellant at 5, the burden should be shifted to the I.R.S. to prove, without the benefit of the taxpayers' records, an error on their return. In Taylor, the Supreme Court held that it was proper for the appeals court to remand a case in which the taxpayer had proved the amount of the Commissioner's assessment to be arbitrary and excessive. Failure of the taxpayer to prove the correct amount of tax owed did not justify charging the taxpayer with the clearly erroneous assessment. A further hearing was necessary to determine the correct amount of tax due.

◼ Taylor does not create an exception to the usual presumption in favor of the Commissioner's figures. The taxpayer retains the burden of showing that the Commissioner's determination was arbitrary and excessive—a burden not met by the taxpayers in this case. Only if the taxpayer meets that burden must the Commissioner prove the precise deficiency at issue. This limited exception clearly does not permit a taxpayer to violate the law by denying the I.R.S. access to his records, see I.R.C. § 7602, and thereby obtain a legal advantage by shifting the burden of proof. When the I.R.S. is given no data upon which to calculate the proper tax, it has no choice but to enter a deficiency notice for the entire amount deducted. So acting upon its own information, or lack of information, is not arbitrary,[3] see Estate of Mason v. Commissioner, 64 T.C. 651, 657 (1975),

1. On the third challenge, the court placed the burden of proving a capital gain on the I.R.S. The capital gain resulting from a recomputation of basis was a new issue raised affirmatively by the I.R.S. in its answer to the pleadings.

2. The taxpayers also complain about certain statements and procedures of the Tax Court judge during the course of the pretrial hearings.

We believe that the judge's conduct fully complied with the requirements of the law.

3. The taxpayers also offer as evidence of arbitrariness, inter alia, the Commissioner's refusal to make bargains in return for the taxpayers' records, the incongruence between the deductions first sought to be audited and those disallowed at trial, and a tendency to characterize the taxpayers' arguments as "[a] lot of frivolous constitutional objections that have been

*aff'd*, 566 F.2d 2 (6th Cir. 1977), and does not warrant placing the burden of proof on the I.R.S. *See Durovic v. Commissioner*, 54 T.C. 1364, 1390 (1970), *aff'd in pertinent part*, 487 F.2d 36 (7th Cir. 1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974); *Roberts v. Commissioner*, 62 T.C. 834, 835–37 (1974). The burden of proof was therefore properly placed upon the taxpayers to show the amount, as well as the existence, of the loss.

The decision of the Tax Court is affirmed.

made by the standard tax protester." Record, vol. 1, at 46. The I.R.S. is under no duty to bargain with taxpayers and it is not bound by the scope of its original request for substantiation, particularly when it receives no cooperation. "[A] trial before the Tax Court is a proceeding de novo." *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 328 (1974). *See Crowther v. Commissioner*, 269 F.2d 292, 293 (9th Cir. 1959). In addition, off-handed comments on the merits of a position, even if unfair, do not warrant the serious legal consequences the taxpayers would have us impose.