CHARLES J. and CAROLE B. COLLINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 34543-87
United States Tax Court
T.C. Memo 1989-349; 1989 Tax Ct. Memo LEXIS 348; 57 T.C.M. (CCH) 1010; T.C.M. (RIA) 89349; July 20, 1989
*348 Charles J. and Carole Collins, pro sese. Jeffrey Sherman, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1983 in the amount of $ 10,896.86. The issue for decision is whether respondent properly disallowed various expenses claimed on petitioners' 1983 tax return. FINDINGS OF FACT Petitioners resided in Boulder, Colorado, at the time their petition was filed in this case. For most of 1983, petitioners resided in Dallas, Texas. Petitioner Charles J. Collins ("petitioner") has been a pilot for Delta Airlines ("Delta") for approximately 20 years. In 1983, he earned total wages from Delta of $ 74,363.74. On his 1983 tax return, petitioner reported his occupation as a "Heavy Equipment Operator." Petitioners attached to their 1983 Federal income tax return two Schedule C's, "Profit or (Loss) From Business or Profession." One Schedule C related to petitioner's efforts to make money selling jacuzzis and spas. The other Schedule C related to petitioner's efforts to make money from photography. On the Schedule C relating to the sale of jacuzzis and spas, *349 petitioners reported gross receipts of $ 5,552, cost of goods sold of $ 4,590, gross income of $ 962, total expenses of $ 1,922, and a loss of $ 960. On audit, respondent disallowed for lack of substantiation the following expenses claimed on the Schedule C relating to the alleged spa business: Expenses Disallowed
Car and truck
$ 752
Supplies
$ 429
Travel & Entertainment
$  34
Other
$ 317
On the Schedule C relating to the purported photography business, petitioners reported gross receipts of $ 77, total expenses of $ 12,784, and a loss of $ 12,707. On audit, respondent disallowed for lack of substantiation the following expenses claimed on the Schedule C relating to the purported photography business: Expenses Disallowed
Car and truck
$   285
Supplies
$ 2,976
Travel & Entertainment
$   848
Depreciation
$ 7,217
Other
$   154
Respondent also disallowed $ 5,492 in depreciation and other expenses relating to a house petitioners owned in Lithonia, Georgia, that was allegedly rented or available for rent in 1983, $ 117 in investment credits, $ 2,250 relating to an alleged IRA contribution, and other miscellaneous deductions *350 in the amount of $ 1,603 that were claimed on Schedule A to petitioners' 1983 tax return. OPINION Petitioners' testimony and evidence at trial pertained more to petitioners' personal dissatisfaction and outrage with the conduct and operations of the Internal Revenue Service than to the deductions and credits at issue. Petitioners have the burden of establishing that they are entitled to these deductions and credits, and they have completely failed to do so. Abatti v. Commissioner, 644 F.2d 1385 (9th Cir. 1981); Doyal v. Commissioner, 616 F.2d 1191 (10th Cir. 1980); Rule 142, Tax Court Rules of Practice and Procedure.
Petitioner's characterization of his job on his tax return as a "Heavy Equipment Operator" is significantly misleading and indicative of the nature and lack of credibility of petitioner's testimony. Further, petitioners reported income of only $ 77 from the purported photography business, and yet they claimed $ 12,784 in alleged expenses. Petitioners provided no meaningful explanation of the nature or extent of the purported businesses, and petitioners did not provide credible evidence to substantiate which of the claimed expenses, *351 if any, were actually paid. On the record before us, we decline to attempt any estimate of allowable, unsubstantiated expenses under Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). Respondent's adjustments are sustained in their entirety. Decision will be entered for the respondent.