BERTON T. AND MAUREEN E. SCHAEFFER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schaeffer v. Commissioner
Docket No. 7139-92
United States Tax Court
T.C. Memo 1994-206; 1994 Tax Ct. Memo LEXIS 206; 67 T.C.M. (CCH) 2937; May 10, 1994, Filed *206 An appropriate order and decision will be entered denying petitioners' motion to shift the burden of going forward to respondent and sustaining respondent's determinations. For petitioners: Michael J. Hill. For respondent: Dawn Marie Krause. CHIECHI
CHIECHI
MEMORANDUM FINDINGS OF FACT AND OPINION CHIECHI, Judge: Respondent determined the following deficiencies in, additions to, and accuracy-related penalty on petitioners' Federal income tax: Accuracy-Related
Additions to Tax Penalty Year
Deficiency [1]Section 6653(a)(1) Section 6661(a) Section 6662(a) 1988
$ 7,565.00 $ 378.25
$ 1,891.25
--  1989
39,846.00
-- --  $ 7,969.00
The sole issue presented is whether the notice of deficiency (notice) is without rational foundation and is therefore arbitrary. We hold that it is not. We further hold that respondent's *207 determinations in the notice are sustained. FINDINGS OF FACT At the time the petition was filed, petitioner Berton T. Schaeffer (Dr. Schaeffer), a pathologist, resided in Effingham, Illinois, and petitioner Maureen E. Schaeffer (Ms. Schaeffer) resided in Lakewood, Ohio. As of May 1990, a revenue agent of the Internal Revenue Service (Service), Michael Pataky (Agent Pataky), had audited or was auditing petitioners' returns for tax years 1984 through 1988. On May 29, 1990, Agent Pataky issued separate summonses to Dr. Schaeffer and Ms. Schaeffer requiring them to appear before him with records substantiating certain income reported and deductions claimed in their 1986, 1987, and 1988 returns. Ms. Schaeffer sent the summons she received to Dr. Schaeffer. Dr. Schaeffer sent copies of both summonses to an attorney, Michael J. Hill (Mr. Hill), the attorney of record for petitioners in this case. Dr. Schaeffer did not appear before Agent Pataky as required by the summons issued to him. [2]
*208 Almost a year after the summonses were issued, Agent Pataky sent Dr. Schaeffer a letter dated April 8, 1991 (April 8 letter) in which he advised Dr. Schaeffer that he had not received any information concerning petitioners' 1988 return, which he had requested a number of times through an Information Document Request (IDR) and summonses. [3] Agent Pataky further informed Dr. Schaeffer in the April 8 letter that he would also be examining petitioners' 1989 return. Agent Pataky enclosed IDR's with the April 8 letter, which requested substantiation for certain items in petitioners' 1988 and 1989 returns. The April 8 letter (1) indicated that, because of a lack of cooperation by petitioners in the past, the April 8 letter would be the last request for information for tax years 1988 and 1989, (2) requested that Dr. Schaeffer contact Agent Pataky by April 19, 1991, to make arrangements for the audit of those years, and (3) stated that, in the event no response were to be received, all items with respect to which information was requested would be disallowed for both years, and the case would be closed. Dr. Schaeffer did not respond to the April 8 letter or provide the information requested. *209 The notice issued to petitioners for 1988 and 1989 contains specific explanations of the bases for respondent's determinations. In the notice, respondent disallowed $ 22,812.22 and $ 11,195.00 of rental real estate losses claimed in petitioners' 1988 and 1989 returns, respectively, on the ground that petitioners' real estate rental activities were passive activities under section 469(c). Respondent also disallowed the following deductions for lack of substantiation: $ 3,935.48 and $ 858.00 of medical expenses claimed in the 1988 and 1989 returns, respectively; $ 3,191.97 and $ 1,565.00 of charitable contributions claimed in the 1988 and 1989 returns, respectively; $ 5,902.91 and $ 7,488.00 of miscellaneous itemized deductions claimed in the 1988 and 1989 returns, respectively; and $ 993.03 of reimbursed employee business expenses claimed in the 1988 return. In *210 addition, respondent disallowed a $ 947 reduction of gross income claimed in petitioners' 1989 return because petitioners did not establish that that reduction was for tax-exempt interest under section 265(a)(2). Respondent also increased petitioners' 1988 income by $ 608 to reflect State tax refunds that respondent determined petitioners received during that year. Respondent further determined that the entire amount ($ 100,510) petitioners received from the sale of certain securities in 1989 was capital gain because petitioners had not established any cost basis for the securities sold. [4] Respondent therefore increased petitioners' income for that year by $ 98,740. In addition, respondent determined that the additions to tax for negligence and substantial understatement of income tax applied to the underpayment of tax for 1988 and that the accuracy-related penalty applied to the underpayment for 1989. *211 OPINION Petitioners contest the notice exclusively on the grounds that it is without rational foundation and is therefore arbitrary. [5] They refused to present any evidence to show that respondent's determinations are wrong. At trial, the Court asked Dr. Schaeffer, the only witness, whether he understood that respondent's determinations against him and Ms. Schaeffer would be sustained in the event that the Court were not to accept their position that the notice is arbitrary. Dr. Schaeffer responded affirmatively. Petitioners bear the burden of establishing that the notice is arbitrary. Helvering v. Taylor, 293 U.S. 507, 515 (1935); Gold Emporium, Inc. v. Commissioner, 910 F.2d 1374, 1378 (7th Cir. 1990), *212 affg. Malicki v. Commissioner, T.C. Memo. 1988-559; Zuhone v. Commissioner, 883 F.2d 1317, 1325 (7th Cir. 1989), affg. T.C. Memo. 1988-142; see United States v. Walton, 909 F.2d 915, 918 (6th Cir. 1990). If they were to succeed in so demonstrating, the burden of producing evidence to support the determinations in the notice would shift to respondent. However, the ultimate burden of persuasion would remain with them. See Shriver v. Commissioner, 85 T.C. 1, 3 (1985), affd. without published opinion (7th Cir. 1986); Kluger v. Commissioner, 83 T.C. 309, 310 n.1 (1984); Jackson v. Commissioner, 73 T.C. 394, 401 (1979). Petitioners advance a variety of arguments in support of their contention that the notice is arbitrary. We have considered all of these arguments and find them to be without merit. [6]
*213 Aside from the determinations imposing the additions to tax and the accuracy-related penalty, [7] all of the determinations in the notice, except for three (discussed below), concern the disallowance for one or both years at issue of deductions for claimed expenses and losses. Petitioners have the burden of demonstrating their entitlement to those deductions. [8]New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934) (deductions); Burnet v. Houston, 283 U.S. 223, 227 (1931) (losses). They refused to furnish respondent (or the Court) with any records or other information to establish that they are entitled to the deductions and losses claimed in the returns for the years at issue. Under these circumstances, respondent's disallowance of those items in the notice was not arbitrary. E.g., Pfluger v. Commissioner, 840 F.2d 1379, 1382-1383 (7th Cir. 1988), affg. T.C. Memo. 1986-78; Doyal v. Commissioner, 616 F.2d 1191, 1192-1193 (10th Cir. 1980), affg. T.C. Memo. 1978-307; Durovic v. Commissioner, 54 T.C. 1364, 1390 (1970), *214 affd. in part, revd. in part on other grounds 487 F.2d 36 (7th Cir. 1973); see Estate of Mason v. Commissioner, 64 T.C. 651, 658 (1975), affd. per order 566 F.2d 2 (6th Cir. 1977). As we stated in Roberts v. Commissioner, 62 T.C. 834, 836-837 (1974): While the petitioner might have been entitled to some or all of the deductions claimed by him, he refused to furnish the Commissioner with any records or other evidence to prove his right to any of such deductions. Because of such refusal on his part, the petitioner is in no position to challenge the reasonableness of the Commissioner's determination, nor complain of the procedural or evidentiary consequences resulting therefrom. * * * [Citations omitted.] The Commissioner's determination is not made arbitrary or unreasonable because of his failure to have all the facts when the failure is caused solely by the petitioner. Surely, a taxpayer cannot thwart a bona fide investigation so easily and benefit thereby. We hold that when a taxpayer refuses to substantiate his claimed deductions, the Commissioner is not *215 arbitrary or unreasonable in determining that the deductions should be denied.
The remaining three determinations in the notice (aside from those imposing the additions to tax and the accuracy-related *216 penalty) involve the disallowance of a $ 947 reduction in gross income for 1989 for certain interest that petitioners claimed, but did not prove, was tax-exempt, a determination that the full amount realized ($ 100,510) by petitioners from the sale of certain securities during 1989 was capital gain because they had not established any basis in the securities sold, and a determination that petitioners had $ 608 of income from State tax refunds received but not reported for 1988. Similar reasoning to that which has been applied where the determinations involve the disallowance of deductions and/or losses applies to the first two of those determinations. Petitioners bear the burden of demonstrating that interest income received by them is exempt from tax. See Colonial Savings Association v. Commissioner, 854 F.2d 1001, 1006 (7th Cir. 1988), affg. 85 T.C. 855 (1985) and Frontier Savings & Loan Association v. Commissioner, 87 T.C. 665 (1986); Cross v. Commissioner, 83 T.C. 561, 564 (1984), affd. sub nom. Dillon v. United States, 792 F.2d 849 (9th Cir. 1986). *217 They also must establish their basis in the securities they sold for purposes of determining the gain they must recognize on that sale. O'Neill v. Commissioner, 271 F.2d 44, 50 (9th Cir. 1959), affg. T.C. Memo. 1957-193; see Burnet v. Houston, supra at 227-228. If petitioners do not establish the basis of those securities, no basis can be taken into account for tax purposes. See Rubber Research, Inc. v. Commissioner, 422 F.2d 1402, 1404-1405 (8th Cir. 1970), affg. T.C. Memo. 1969-24; Commissioner v. Estate of Timken, 141 F.2d 625, 627 (6th Cir. 1944), affg. 47 B.T.A. 494 (1942). Petitioners did not provide respondent (or the Court) with any records or other information to show the tax-exempt nature of the interest they received, or the basis in the securities they sold, in 1989. Under these circumstances, respondent's disallowance in the notice of a reduction in gross income for alleged tax-exempt interest and her determination therein that the full amount realized from *218 the sale of certain securities is capital gain were not arbitrary. See Pfluger v. Commissioner, supra.
With respect to the determination that petitioners must include in their income under section 111 State tax refunds in the amount of $ 608 that they received during 1988, petitioners argue that it was arbitrary for the Service to use third-party information in making that determination. They rely on Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68, in advancing their contention. We reject petitioners' arguments and find Portillo to be distinguishable. Unlike Portillo, petitioners did not furnish any records or other information to respondent (or the Court) concerning the unreported income in question. Nor did they attempt to show that whatever third-party information respondent used was unreliable or inaccurate, as was demonstrated in Portillo. Petitioners did not even attempt to deny that they received the income in question. Consequently, they cannot be considered to have made a reasonable denial so that they *219 could be said to have carried their burden of showing that the determination in the notice that they received unreported income was arbitrary. [9] See Weir v. Commissioner, 283 F.2d 675, 681-682 (6th Cir. 1960), revg. and remanding T.C. Memo. 1958-158. Under these circumstances, respondent's determination that the refunds in question are includible in petitioners' income was not arbitrary. *220 We have considered and rejected petitioners' arguments that the notice lacks a rational foundation and is therefore arbitrary. Since petitioners have not placed even a scintilla of evidence in the record that would permit us to adjust respondent's determinations in any way and since they do not challenge them on any other ground, we sustain those determinations. While respondent has not requested a penalty under section 6673, we are authorized by that section to impose a penalty not in excess of $ 25,000 when it appears to us that (1) proceedings before us have been instituted or maintained by the taxpayer primarily for delay, (2) the taxpayer's position is frivolous or groundless, or (3) the taxpayer unreasonably failed to pursue administrative remedies. The penalty is warranted where a taxpayer fails to address the merits of a case and/or persists in advancing frivolous or groundless arguments. See Coleman v. Commissioner, 791 F.2d 68, 70-72 (7th Cir. 1986); Wilkinson v. Commissioner, 71 T.C. 633, 641-643 (1979). We have also imposed the penalty where a taxpayer unreasonably persists in refusing to provide the Service *221 with documentation that would substantiate items claimed by the taxpayer. Bagby v. Commissioner, 102 T.C.     (1994) (slip op. at 27-28); Stamos v. Commissioner, 95 T.C. 624, 638 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992); Birth v. Commissioner, 92 T.C. 769, 773-774 (1989). Petitioners' arguments that the notice is arbitrary under the circumstances presented in this case have been repeatedly rejected by the courts. Petitioners failed to present facts bearing on their tax liability for the years at issue or otherwise to address the merits of respondent's determinations. We have imposed the penalty provided by section 6673 in circumstances similar to those presented in this case. [10]
*222 Although we will not impose the penalty provided by section 6673 on petitioners herein, we caution them that they may be subject to that penalty if in the future they institute or maintain a suit primarily for delay and/or their position is frivolous or groundless. See Abrams v. Commissioner, 82 T.C. 403, 409-413 (1984); White v. Commissioner, 72 T.C. 1126, 1135-1136 (1979). To reflect the foregoing, An appropriate order and decision will be entered denying petitioners' motion to shift the burden of going forward to respondent and sustaining respondent's determinations.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The record does not disclose whether Ms. Schaeffer appeared before Agent Pataky, but it appears that she did not.↩
3. Although the letter was addressed only to Dr. Schaeffer, we infer from the record that petitioners filed joint returns for taxable years 1988 and 1989.↩
4. The notice does not show whether respondent determined the capital gain was long-term or short-term in nature.↩
5. At trial, petitioners made an oral motion that we construe as a motion that the Court shift to respondent the burden of going forward with the evidence on the ground that the notice is arbitrary. We hold that the notice is not arbitrary and deny petitioners' motion.↩
6. Petitioners contend, among other things, that their constitutional right to due process was violated by the Service. We disagree. Petitioners were afforded an opportunity to substantiate the items questioned by the Service and to show error in respondent's determinations. They chose not to do so. They also could have presented evidence in this proceeding in an attempt to show error in respondent's determinations in the notice. Once again, they chose not to do so. Under these circumstances, there was no violation of "due process" by the Service. See Cupp v. Commissioner, 65 T.C. 68, 82-83 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). Petitioners further complain, among other things, that the issuance of the summonses by the Service constituted harassment and that the determinations in the notice constituted punishment for their failure to comply with the summonses. The Service is authorized to summon taxpayers and their books and records. Sec. 7602(a)(2). The record does not show any harassment of petitioners. The determinations in the notice are not punishment; they are actions the Service is lawfully authorized to take when confronted with petitioners' decision not to provide information concerning their 1988 and 1989 tax returns, including substantiation for the items claimed in those returns. See Durovic v. Commissioner, 54 T.C. 1364, 1390-1391 (1970), affd. in part, revd. in part on other grounds 487 F.2d 36↩ (7th Cir. 1973).
7. On brief, petitioners do not focus on the determinations relating to the additions to tax and the accuracy-related penalty. Relying on United States v. Stonehill, 702 F.2d 1288, 1294↩ (9th Cir. 1983), they suggest that if the other determinations are shown to be arbitrary, a pattern of arbitrariness would be established, which would shift the burden to respondent with respect to all of the determinations in the notice. In determining whether the notice is arbitrary, we also focus on the determinations other than the additions to tax and the accuracy-related penalty.
8. This burden includes the burden of substantiation. See Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), affd. per curiam 540 F.2d 821↩ (5th Cir. 1976).
9. Although the notice does not explain how respondent determined that the amount of the refunds received was $ 608, an explanation of adjustments is not necessary to save the notice from being arbitrary. Pasternak v. Commissioner, 990 F.2d 893, 897-898 (6th Cir. 1993), affg. Donahue v. Commissioner, T.C. Memo. 1991-181; Barnes v. Commissioner, 408 F.2d 65, 68 (7th Cir. 1969), affg. T.C. Memo. 1967-250; Campbell v. Commissioner, 90 T.C. 110, 115↩ (1988).
10. See, e.g., Kodak v. Commissioner, T.C. Memo. 1991-485, affd. without published opinion 14 F.3d 47 (3d Cir. 1993); Cary v. Commissioner, T.C. Memo. 1988-128, affd. without published opinion 900 F.2d 262 (9th Cir. 1990); Stafford v. Commissioner, T.C. Memo. 1983-650↩.