T.C. Summary Opinion 2002-135

UNITED STATES TAX COURT

MICHAEL O'KEEFE SOWELL, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2307-01S.                    Filed October 17, 2002.

Michael O'Keefe Sowell, pro se.

Angelique M. Neal, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Petitioner filed a motion for claims for

---

[1]     Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

litigation and administrative costs pursuant to section 7430 and Rule 231.  Neither party has requested a hearing, and the Court sees no need for an evidentiary hearing on this matter.  Rule 232(a)(2).  Accordingly, the Court considers petitioner's motion based on the parties' submissions and the existing record.  Rule 232(a)(1).  Petitioner's legal residence at the time the petition was filed was Los Angeles, California.

Respondent conceded the deficiency on the date the case was called from the calendar for trial.  The case arises from a dispute over gambling winnings.  In the notice of deficiency, respondent determined a deficiency of $1,044 in Federal income tax and a section 6651(a)(1) addition to tax of $29 for petitioner's 1998 tax year based on petitioner's failure to report gambling winnings in the amount of $5,642 for that year.

The gambling winnings had been reported to respondent by a third-party payor, Gulf Greyhound Park, of Lamarque, Texas, based on Forms W-2G, Certain Gambling Winnings, issued to petitioner.  According to respondent, the Forms W-2G appeared to be signed by petitioner.[2]  Petitioner did not include the payments in gross income on his Federal income tax return for 1998.  Respondent sent petitioner notification of proposed changes to his 1998 income tax return to include the gambling winnings.  The

---

[2]    The Forms W-2G on which the deficiency is based have not been offered into evidence.

notification gave the basis for the proposed changes and informed petitioner of his appeal rights. Petitioner did not avail himself of these available administrative remedies, nor did he otherwise respond to the notification. A notice of deficiency was issued on November 29, 2000.

Thereafter, petitioner timely petitioned this Court, denying he had ever gambled at Gulf Greyhound Park. Petitioner averred that he was from California and had formerly been employed by Gulf Greyhound Park. He left Texas in December 1997. After receiving the notification from respondent, petitioner returned to Texas to try to resolve the problem but claims he was harassed by Gulf Greyhound Park security personnel and the Hitchcock Police Department and then arrested.

Following the petition to this Court, the case was referred to respondent's Appeals Office. The Appeals officer investigated petitioner's explanation by obtaining copies of Forms W-2G and video surveillance footage of the individual who placed the bets at issue from Gulf Greyhound Park. Respondent's Appeals Office then determined that the evidence was not sufficient to establish that petitioner received the gambling winnings at issue. Respondent offered petitioner a complete concession of the deficiency on July 25, 2001. Petitioner rejected the offer.[3]

---

[3] Respondent stated that petitioner's refusal was based on the
(continued...)

Respondent also offered to concede the case during the trial preparation process. Petitioner refused to accept.

At the calendar call of this case, respondent conceded the deficiency, and petitioner subsequently filed a motion for costs. In his motion, petitioner claimed $5,000. The motion listed the following synopsis of events and summary of expenses claimed, totaling $5,356:

| Date | Amount | Description |
| --- | --- | --- |
| 11-29-00 | N/A | Letter of deficiency |
| 12-8-00 | $ 138 | Bus from Los Angeles |
| 12-9-00 | 350 | 3 weeks motel TX |
| 12-12-00 | 20 | Taxi to Gulf Greyhound Park |
| 12-15-00 | 1,000 | Collusion |
| 12-15-00 | 1,000 | Defamations |
| 12-15-00 | 2,000 | False imprisonment, two days $1,000 per day |
| 12-16-00 | 251 | Bond out of jail |
| 12-16-00 | 300 | Phone calls |
| 1-2-01 | 60 | Court and paper work |
| 1-5-01 | 77 | Bus to Los Angeles from LaMarque, TX |
| 1-09-01 | 100 | Petition |
| 12-3-01 | 60 | Went to Tax Court |

A taxpayer who substantially prevails in an administrative or court proceeding may be awarded a judgment for reasonable costs incurred in such proceedings. Sec. 7430(a)(1) and (2). A

---

[3](...continued)
fact that petitioner had a pending civil case against Gulf Greyhound Park in Texas. Petitioner did not offer any explanation to the Court as to why he declined respondent's offer of concession.

judgment may be awarded under section 7430 if a taxpayer (1) was the "prevailing party", (2) exhausted the administrative remedies available to the taxpayer within the Internal Revenue Service,[4] and (3) did not unreasonably protract the proceedings.  Sec. 7430(a) and (b)(1), (3).  Respondent's position is that petitioner is not a "prevailing party", failed to exhaust his administrative remedies, and unreasonably protracted the proceedings.

For a taxpayer to qualify as the "prevailing party", it must be established that (1) the position of the United States in the proceeding was not substantially justified, (2) the taxpayer has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented, and (3) the taxpayer satisfied the applicable net worth requirements.  Sec. 7430(c)(4)(A).  Respondent concedes the second and third of these criteria.  Respondent argues, however, that the position taken by the United States against petitioner was substantially justified.  Rule 232(e); Dixson Intl. Service Corp. v. Commissioner, 94 T.C. 708, 714-715 (1990); Gantner v. Commissioner, 92 T.C. 192, 193 (1989), affd. 905 F.2d 241 (8th Cir. 1990).

---

[4]    This requirement does not apply to an award for reasonable administrative costs.  Sec. 7430(b)(1).

Accordingly, the threshold issue is whether the position of the United States in the proceeding was substantially justified. Sec. 7430(c)(4)(A) and (B). The parties agree that, under section 7430, the burden of proof rests with respondent to establish that respondent's position was substantially justified.

To determine whether respondent has met this burden, the Court must first identify the point in time at which the United States is considered to have taken a position and then decide whether the position taken from that point forward was substantially justified. The "not substantially justified" standard is applied as of the separate dates that respondent took a position in the administrative proceeding as distinguished from the proceeding in this Court. Sec. 7430(c)(7)(A) and (B); Han v. Commissioner, T.C. Memo. 1993-386.

With respect to a claim for reasonable administrative costs, the position of the United States means the position taken by the United States in any administrative proceeding to which section 7430 applies as of the earlier of (1) the date of the receipt by the taxpayer of the decision of the IRS Appeals Office, or (2) the date of the notice of deficiency. Sec. 7430(c)(7)(B). In this case, petitioner did not take an administrative appeal. No notice of decision of the IRS Appeals Office was issued or received by petitioner prior to the date of the notice of deficiency. Therefore, for purposes of the administrative

proceeding, respondent is considered to have taken a position on the date the notice of deficiency was issued, November 29, 2000.

Respondent's position with regard to a request for litigation costs is generally the position taken in the answer. Huffman v. Commissioner, 978 F.2d 1139, 1144-1147 (9th Cir. 1992). Here, because petitioner elected to have the case heard under section 7463, no answer was required of respondent. Rule 175(b). Accordingly, respondent's position for the purpose of the motion is the position maintained by respondent during the pendency of this case. There is nothing in the record that suggests that respondent's position changed from that taken in the notice of deficiency so these positions are, in effect, the same. Respondent's position was that petitioner had $5,482 in gambling income in 1998 that had not been reported. The Court, therefore, simply considers whether such position was substantially justified. Maggie Mgmt. Co. v. Commissioner, 108 T.C. 430, 442-443 (1997); Pittman v. Commissioner, T.C. Memo. 1999-389.

Whether the Commissioner's position was substantially justified turns on a finding of reasonableness, based upon all the facts and circumstances, as well as the legal precedents relating to the case. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Sher v. Commissioner, 89 T.C. 79, 84 (1987), affd. 861

F.2d 131 (5th Cir. 1988). A position is substantially justified if the position is "justified to a degree that could satisfy a reasonable person." <u>Pierce v. Underwood</u>, <u>supra</u> at 565; <u>Powers v. Commissioner</u>, 100 T.C. 457, 473 (1993), affd. in part and revd. in part 43 F.3d 172 (5th Cir. 1995). A position that merely possesses enough merit to avoid sanctions for frivolousness will not satisfy this standard; rather, it must have a "reasonable basis both in law and fact". <u>Pierce v. Underwood</u>, <u>supra</u> at 565.

The Court must "consider the basis for respondent's legal position and the manner in which the position was maintained." <u>Wasie v. Commissioner</u>, 86 T.C. 962, 969 (1986). The fact that the Commissioner eventually loses or concedes the case does not establish an unreasonable position. <u>Sokol v. Commissioner</u>, 92 T.C. 760, 767 (1989); <u>Baker v. Commissioner</u>, 83 T.C. 822, 828 (1984), vacated on other issues 787 F.2d 637 (D.C. Cir. 1986). However, it remains a factor that may be considered. <u>Estate of Perry v. Commissioner</u>, 931 F.2d 1044, 1046 (5th Cir. 1991); <u>Powers v. Commissioner</u>, <u>supra</u> at 471. The reasonableness of the Commissioner's position and conduct necessarily requires considering what the Commissioner knew at the time. Compare <u>Rutana v. Commissioner</u>, 88 T.C. 1329, 1334 (1987), with <u>DeVenney v. Commissioner</u>, 85 T.C. 927, 930 (1985).

In his motion, petitioner does not distinguish between reasonableness "as a matter of law" or "as a matter of fact". The Court assumes that petitioner intended to dispute the reasonableness of respondent's position both in law and in fact. Consequently, the Court treats the two separate items in conjunction with each other.  See Kingston v. Commissioner, T.C. Memo. 1998-119.

In determining the deficiency against petitioner, respondent acted upon third party information from a credible source, the establishment where the alleged gambling took place.  In addition, the Forms W-2G appeared to bear petitioner's signature. Respondent's initial determination that petitioner had failed to report gambling winnings was based on this information.  This reliance on apparently credible third party information was reasonable, since at that time it had not been refuted by petitioner.  See, e.g., Uddo v. Commissioner, T.C. Memo. 1998-276 (IRS justified in relying on Form 1099-R issued by a third party); Andrews v. Commissioner, T.C. Memo. 1998-316 (IRS could rely on Forms W-2 and 1099 to support deficiency where its action was not arbitrary and where taxpayer failed to file tax returns); Schaeffer v. Commissioner, T.C. Memo. 1994-206 (IRS' disallowance of deductions was not arbitrary where taxpayers failed to provide information substantiating the items).

Moreover, respondent investigated petitioner's denial of having gambled at Gulf Greyhound Park at the first available opportunity, and the results of respondent's investigation were sufficient to convince respondent to concede the case. Twice, respondent made an offer of full concession to petitioner. Twice, petitioner refused. The Court understands petitioner's frustration in having to endure the investigation and proceedings and expend effort and resources to resolve it. However, respondent did his part to clear up the matter. Although respondent ultimately determined that the evidence was insufficient to establish that petitioner received the gambling income at issue, respondent is allowed reasonable time to receive, analyze, and act upon documentation that proves petitioner's contentions before he is obligated to concede the case. Gealer v. Commissioner, T.C. Memo. 2001-180. The Court also notes that petitioner ignored the notification originally sent to him by respondent prior to the issuance of the notice of deficiency. Had petitioner responded earlier, the entire matter could have been disposed of without the issuance of a notice of deficiency and subsequent court proceeding. See Corkrey v. Commissioner, 115 T.C. 366, 375 (2000).

Respondent's actions in this case fall within the boundaries of what is reasonable. Respondent has shown that his position

was substantially justified.  Therefore, petitioner is not a "prevailing party" under section 7430.  Petitioner is not entitled to recover administrative and litigation costs.

Even if petitioner were the prevailing party, he could not recover costs.  Petitioner did not exhaust the administrative remedies available to him within the Internal Revenue Service. He did not respond to the notification sent to him prior to the issuance of the notice of deficiency.  See sec. 301.7430-1(b)(1), Proced. & Admin. Regs.  He participated in the appeals process only after his petition was filed at this Court and the matter was referred to an Appeals officer.  Petitioner is not entitled to administrative or litigation costs, and his motion will be denied.[5]

Reviewed and adopted as the report of the Small Tax Case Division.

An appropriate order and decision will be entered.

---

[5]    Given these conclusions, the Court sees no need to address whether petitioner unreasonably protracted the proceedings.